TELLETT, Appellant, vs. ALBREGTSON, Respondent.

*March 25—April 13, 1915.*

*Appeal: From what may be taken: Mortgages: Payment: Subrogation: Ejectment: Life tenant: Recovery for improvements: Adverse possession founded on "written instrument:" Accounting as to rents and profits, taxes, etc.*

1. Appeals can only be taken from judgments or orders, not from findings of fact or conclusions of law.
2. Where the owner of a life estate in land has been compelled to pay off a mortgage in order to protect his interest, he is entitled to subrogation and to have the mortgage lien preserved and enforced as against the remaindermen. .
3. Sec. 3096, Stats., does not authorize recovery for improvements made by the defendant in an action of ejectment brought by remaindermen or their grantee, where the possession of such defendant, though adverse as to a life tenant, was not so as to the remaindermen.
4. The owner of land conveyed it to his daughter. After her death he agreed to buy it from her husband, both supposing the husband to be the owner of it as heir of his deceased wife, when in fact he had only a life estate by the curtesy. No new deed was made, but the deed which had been given to his daughter was returned to the original grantor and he took possession of the land. *Held*, that such possession was not an adverse holding "by color of title . . . founded . . . on any written instrument," within the meaning of sec. 3096, Stats.
5. In ejectment by the grantee of remaindermen against one who had acquired the estate of a life tenant, although defendant was not legally chargeable with rents and profits and was not entitled to credit for taxes paid and interest, yet, the parties having agreed to the inclusion of those items in an accounting, and the trial court having acted upon such consent, such inclusion is approved.

APPEAL from a judgment of the circuit court for Buffalo county: W. B. QUINLAN, Judge. *Modified and affirmed.*

Ejectment for forty acres of farm land. The defendant claimed title by adverse possession under both the ten- and twenty-year statutes, and also claimed (in case of defeat on the question of title) to be entitled to a lien on the premises

for a mortgage of $400 which he had paid thereon, as well as for taxes and improvements.

The facts were not very seriously in dispute. Prior to March, 1885, Ole Albregtson (defendant's father) owned the land and at that time deeded it to Annie Nelson, his daughter, a married woman (now deceased). Annie, with her husband, Ole Nelson, and her children, six in number, took possession of the premises, and in December Annie and Ole mortgaged the same for $400 to one Grover. Subsequently Annie and Ole with their family left the place and moved to La Crosse, where Annie died intestate in April, 1889, leaving her six children as her sole heirs at law. Thus the title became vested in the six children subject to the $400 mortgage and the life estate by the curtesy of their father, Ole.

In the summer of 1890 Ole Albregtson, defendant's father, attempted to purchase the land from Ole Nelson. Evidently both supposed that Ole Nelson owned it as heir of his deceased wife. They agreed that Ole Albregtson should purchase the land and pay the mortgage of $400 as the consideration therefor. No deed was made, but Ole Nelson returned the deed which Ole Albregtson had executed and delivered to Annie Nelson in 1885. Ole Albregtson took possession at once and remained in possession from that time until his death in August, 1909, making large improvements and paying the taxes regularly. He paid the mortgage in four annual instalments of $100 each, beginning October 21, 1891, and also paid the interest thereon. He died testate, devising this property to the defendant, his son. His will was duly probated, and the defendant has been in possession claiming title since his father's death and up to the time of the commencement of this action in April, 1913.

In 1911 Albert T. Nelson, one of the heirs of Annie Nelson, obtained conveyances from the remaining heirs of their interests in the land, also a conveyance from his father, Ole,

of his interest, and in July, 1912, conveyed the same by war-
ranty deed to the plaintiff.

The jury returned a special verdict covering the legal is-
sues in the case by which they found (1) that Ole Nelson
sold the property to Ole Albregtson in the summer of 1890
in consideration of the assumption and payment of said mort-
gage; (2) that at the same time Ole Nelson surrendered to
Ole Albregtson the deed given by the latter to Annie Nelson;
(3) that Ole Albregtson then went into possession of the prem-
ises claiming ownership; (4) that he continued to occupy
under such claim until his death; (5) that defendant took
possession thereof as devisee of Ole Albregtson claiming own-
ership; (6) that defendant continued such possession under
such claim up to the time of the commencement of this action;
(7) that the money with which the mortgage was paid was
not furnished by Ole Nelson; (8) that the value of the im-
provements made by Ole Albregtson was $900.

On the trial of the equitable issues the court found that the
improvements on the premises were made in good faith to
preserve and protect the property, that the mortgage was paid
in good faith to protect the estate, that the amount of prin-
cipal and interest paid on the mortgage, with interest to the
date of the findings, is $582.60, that the taxes paid amount,
with interest, to $167.60, that the reasonable rental value of
the premises during the twenty-three years was $805, and
that the defendant *Albert* went into possession of the premises
claiming title immediately on his father's death and has re-
mained in possession claiming title up to the time of the trial.

The trial court concluded that the life estate by the curtesy
of Ole Nelson was barred prior to the commencement of this
action by the adverse possession of Ole Albregtson and his dev-
isee, the defendant, and that such life estate is vested in the
defendant, that defendant is entitled to be subrogated to the
rights of the mortgagee, Grover, and is also entitled to recover

$900 as the value of the improvements made, together with the sum of $400, the amount of the mortgage paid.

"That in an accounting between said parties the defendant is not legally chargeable with the rents and profits and is not entitled to credit for taxes paid and interest, but inasmuch as the parties have both adopted the rule in this case, that the defendant should be charged with the rents and profits and be credited with taxes and interest paid and interest on taxes from the date of payment, I will apply that rule and find that the defendant should be charged with the sum of $805 as rents and profits, less the sum of $750.20, being the amount of interest paid, interest accrued, taxes, and interest thereon, leaving a balance of $54.80, with which defendant should be charged. Deducting this amount from $1,300, the amount of the mortgage and value of improvements, I find the defendant entitled to recover the sum of $1,245.20, together with his costs and disbursements in this action.

"That defendant is entitled to have said sum, together with his costs and disbursements, declared a lien upon said land, and that plaintiff pay the same within sixty days after service of notice of entry of judgment upon him or his attorney, and that upon his failure so to do he be forever barred of all claim or interest in said land."

Judgment was entered in accordance with the findings. By his notice of appeal the plaintiff appeals "from the order of the court made in said action, dated April 6, 1914, and from the conclusions of fact and conclusions of law in said order contained and from each and all thereof, and from the judgment rendered by the above named court in said action and entered on the 11th day of April, A. D. 1914, in favor of the defendant and against the plaintiff for the sum of $1,245.20, and upon the failure of paying said sum within sixty days from notice of entry of judgment plaintiff be forever barred of all claim or interest in said lands in question and from the whole thereof."

For the appellant there was a brief by *A. U. Mayland* and *Theo. Buehler,* and oral argument by *Mr. Mayland.*

*S. G. Gilman,* for the respondent.

WINSLOW, C. J.   Appeals can only be taken from judg-
ments or orders.   Findings of fact and conclusions of law
are neither; hence in the present case there is no appeal here
except the appeal from that part of the judgment which fixes
the amount recovered by the defendant and made a lien on
the premises and fixing the time within which the same must
be paid or the plaintiff barred of his right.   Neither plaintiff
nor defendant has appealed from those parts of the judgment
which determine that the defendant has acquired Ole Nelson's
life estate therein by adverse possession and that the plaintiff
owns the remainder in fee.

The appellant has not suffered, however, by the failure to
take a more comprehensive appeal.   We have carefully ex-
amined the record and are convinced that the findings of fact
both of the jury and the court are sustained by sufficient evi-
dence and were arrived at without prejudicial error.

So the only question before us is whether on the facts found
the trial court reached the right conclusion as to the amount
of the defendant's equitable lien.

That lien was made up of three component parts, viz.:
(1) the amount of the mortgage paid, with interest; (2) the
value of the improvements; and (3) the amount of the taxes
paid, with interest.   These will be considered in their order.

1. As to the mortgage and interest the trial court was
clearly right.   One who is compelled to pay off a mortgage
on land in order to protect his own interest therein is entitled
to be subrogated in place of the mortgagee and have the mort-
gage lien enforced in his own favor so far as necessary to
protect himself against loss.   *Charmley v. Charmley,* 125
Wis. 297, 103 N. W. 1106.   Ole Albregtson, having taken
possession, made extensive improvements, and paid the pur-
chase price, all under a verbal contract of purchase made with
the owner of the life estate, might doubtless at any time have
compelled a conveyance of the life estate, hence he had an
interest in the land.   Having been compelled to pay off the

mortgage in order to protect that interest, he is now entitled to have the lien thereof preserved and enforced as against the remaindermen.

2. Different considerations arise as to the improvements. They can only be recovered for under sec. 3096, Stats. 1913, which provides that where recovery is had in ejectment of land "on which the party in possession or those under whom he claims, while holding adversely by color of title asserted in good faith, founded on descent or any written instrument, shall have made permanent and valuable improvements or shall have paid taxes assessed," such party shall be entitled to have the value of the improvements and the amount paid for taxes and interest thereon assessed and declared to be a lien on the land.

The defendant does not come within this class because, as against the plaintiff, Ole Albregtson, who paid the taxes and made the improvements, never held adversely by color of title founded on a written instrument. This seems to be clear for two reasons: *first,* the judgment in this case, which defendant has not appealed from, in effect finds that the possession of defendant and his father was adverse only as to Ole Nelson, the life tenant, and not as to the remaindermen, whose estate is now held by the plaintiff; *second,* there was no "written instrument," within the meaning of the section, held by Ole Albregtson at any time. It cannot logically be held that the deed to Annie Nelson which Ole Nelson turned over to Ole Albregtson at the time of the trade was such a "written instrument." The defendant relies on *Meade v. Gilfoyle,* 64 Wis. 18, 24 N. W. 413, where it was held that the written instrument referred to in sec. 4211, Stats., defining adverse possession, was satisfied by a tax deed running to the occupant's grantor. The present case, however, is one where the supposed written instrument runs not to plaintiff's grantor but to a third person, under whom neither the grantor nor the occupant claims. It is as though Nelson had turned over

a deed running to John Smith.   We are unable to see.how it
can be said that there is a holding under color of title asserted
in good faith *founded* on a written instrument in such a case.

3. We agree with the conclusion of the trial court that in
this action the defendant is not legally chargeable with rents
and profits and is not entitled to credit for taxes paid and
interest.   He is not chargeable with rents and profits because
the plaintiff has only the remaindermen's title.   Although
Ole Nelson deeded to the plaintiff's grantor in 1911 he had
no title to convey because his title had already been cut off
by the statute of limitations.   He is not to be credited with
taxes paid because he purchased the life estate and it is the
duty of a life tenant to pay the taxes.   The trial judge, how-
ever, charged the defendant with $805 rents and profits for
twenty-three years and credited him with taxes and interest
amounting to $750.20, on the ground that the parties had
both adopted the rule in the present case and hence he would
apply it.   In a written opinion the trial judge further says
on this question: "The parties having made these concessions
[the concessions above referred to] and no party claiming
anything to the contrary, I accept their method of accounting
in this respect."   We find nothing in the record to contradict
this statement of the trial judge, which is not only found in
the opinion and finding but in the judgment itself, and is not
contradicted in either brief.   It seems only fair, therefore,
to approve of the inclusion of these items in the account, not
because the law justifies it but because the parties have ad-
visedly consented to it and the court has acted upon that con-
sent.   As matter of fact, it makes a difference of only $54.80
in the final result.

The conclusion is that the judgment must be modified by
eliminating the item of $900 for improvements from the
amount adjudged to be recovered by the plaintiff and enforced
by means of a lien on the premises, and as so modified the
judgment must be affirmed.

*By the Court.*—Judgment modified as of its date by reducing the amount recovered by the defendant and made a lien on the premises to $345.20, and as so modified affirmed; costs to be taxed in favor of the appellant.