GREENEY and others, Appellants, vs. GREENEY and others, Respondents.

*May 3—May 23, 1916.*

*Appeal: From what may be taken: Findings and conclusions: Partition.*

1. Mere findings of fact or conclusions of law cannot be appealed from.
2. Findings of fact and conclusions of law in a partition action do not constitute, in substance or effect, an order or interlocutory judgment from which an appeal can be taken under sec. 3143, Stats.

APPEAL from the circuit court for Sauk county: JAMES O'NEILL, Judge. *Dismissed.*

*A. J. Gemmill,* for the appellants.

For the respondent *Anna Edmond Greeney* there was a brief by *Grotophorst, Evans & Thomas,* and oral argument by *Evan A. Evans.*

For the respondents *F. R. Bentley, Bentley, Kelley & Hill,* and *W. C. Miller* there was a brief by *Bentley, Kelley & Hill,* and oral argument by *Frank R. Bentley.*

SIEBECKER, J.    This is a partition action.    The action was brought to trial at the September, 1915, term of the Sauk county circuit court.    The court heard all of the evidence of the parties and made and filed its findings of fact and conclusions of law.    The court found that the parties were entitled to an order directing the sale of the premises and to a division of the net proceeds of such sale among the persons specified in such findings.    These findings bear date October 30, 1915, and were filed by the clerk of the circuit court November 1, 1915..    On November 3, 1915, the court signed an order appointing A. H. Clark referee to sell the premises at public auction.    On November 11, 1915, a written notice was served by plaintiffs on defendants' attorneys stating that plaintiffs appeal to this court "from a part of the order, entitled findings of fact and conclusions of law, declaring the rights, titles, and interests of the several parties to this action in and to the real estate described in the complaint, and directing sale and disposition of the proceeds of sale of same, . . . dated October 30, 1915."    This written notice also specified the parts of the findings the appeal is intended to embrace.    A second written notice of like tenor and effect, with some modifications of the former one, was served by and on the same parties on November 29, 1915.    No interlocutory judgment or order was made and entered by the court determining or adjudicating the rights, title, or interests of the parties to the action in and to the premises involved in the action.    It is admitted that the attempted appeal is not intended as and is not in fact an appeal from the order appointing a referee to sell the premises.    It is conceded that the proceedings of this appeal were intended to include for review only the findings of fact and conclusions of law made by the court on October 30, 1915,

as specified in such notices.    The argument is made that these findings and conclusions constitute in effect an order or interlocutory judgment and that an appeal can be predicated thereon.    It is provided by sec. 3143, Stats., that persons interested in the premises or any parties to this kind of an action may "appeal from any judgment or order of the court . . . within the same time and under the like regulations as in other cases." It has been decided in *Webster-Glover L. & M. Co. v. St. Croix Co.* 63 Wis. 647, 24 N. W. 417, that "The attempt to appeal from the mere findings or conclusions of law of the trial court was nugatory. . . . An appeal to this court by a party aggrieved must be from a judgment or such an order as is defined in sec. 3069, R. S., as being appealable."    The following are additional adjudications to the same effect: *Bourgeois v. Schrage,* 69 Wis. 316, 34 N. W. 96; *Smith v. Shawano Co.* 77 Wis. 672, 47 N. W. 95; *Baker v. Bohnert,* 158 Wis. 337, 148 N. W. 1093.

The claim that the findings of fact and conclusions of law are in substance an order or judgment in the action is wholly untenable.    Such findings are a statement of the ultimate facts established by the evidence and the court's opinion regarding the rules of law applicable to such facts.    They do not constitute an adjudication which determines the legal rights of the parties to the action in the subject matter involved in the controversy.    The provisions of ch. 134, Stats., governing "Actions and proceedings for partition," contemplate that the court shall make its determination as to the legal rights of the parties by order or judgment as in proceedings in other actions.    The statutes authorize the court to make and enter orders in the nature of interlocutory determination for the determination of the questions as they arise throughout the course of the proceeding.    No order or judgment has been made by the court determining the rights and interests of the parties to this action in and to the premises here involved and hence there is no judicial determination of

the trial court of the question sought to be reviewed in this court. When such determination is in fact made by the trial court, then the aggrieved parties may invoke their right of appeal conferred by sec. 3143, Stats. It follows that the attempted appeal is nugatory and must be dismissed.

*By the Court.*—It is so ordered.