## Lemon, Appellant, vs. Aronson, Respondent.

*October 3—October 23, 1917.*

*Appealable orders: Order designated or entered as a judgment..*

1. Under sub. (3), sec. 3069, Stats. 1915, an order of the circuit court affirming, with $10 costs of motion, an order of the civil court of Milwaukee county which set aside a judgment therein and allowed a defense to be interposed, was not appealable.
2. The mere fact that such an order of the circuit court was designated as a judgment or entered as such by the clerk did not make it anything more than an order, it not being a final determination of the rights of the parties.

APPEAL from an order of the circuit court for Milwaukee county: Oscar M. Fritz, Circuit Judge. *Dismissed.*

For the appellant there was a brief by *Lorenz & Lorenz* of Milwaukee, and oral argument by *Leroy B. Lorenz.*

For the respondent the cause was submitted on the brief of *Robert A. Hess* of Milwaukee.

Eschweiler, J.    Judgment was obtained in the civil court by plaintiff against defendant without contest. Thereafter proceedings were had in the civil court by defendant to set aside the judgment, that he be allowed to defend, and for the appointment of a guardian *ad litem* on the ground that he was a minor. An order was finally made by the civil court setting aside the judgment, appointing a guardian *ad litem,* and permitting the defendant to defend. From this order an appeal was taken to the circuit court. Upon the hearing in that court an order was made affirming the order of the civil court, returning the record to the civil court for further proceedings, requiring the defendant to pay $10 within ten days from the date of the order, and also directing that "judgment be entered accordingly."

What purported to be a judgment of the circuit court was

thereupon entered by the clerk containing the following provisions:

"It is hereby adjudged and decreed that the order appealed from is affirmed, with costs, and the record is to be returned to the civil court for further proceedings. It is further adjudged and decreed that the plaintiff pay to the defendant the sum of ten dollars, his costs of this motion, within ten days from date hereof."

From such so-called judgment or order the plaintiff appealed.

The mere fact that the order appealed from may have been designated as a judgment, or apparently entered as such by the clerk, cannot make it anything more than an order. It is not the final determination of the rights of the parties in the action, such as a judgment must be to meet the statutory definition. Sec. 2882, Stats.; *Lewis v. C. & N. W. R. Co.* 97 Wis. 368, 72 N. W. 976; *Welsher v. Libby, McNeil & Libby,* 106 Wis. 291, 82 N. W. 143.

The $10 provided for in such order was no more than the costs allowed by statute in the circuit court on appeal from the civil court. *Concrete S. Co. v. Ill. S. Co.* 163 Wis. 41, 157 N. W. 543.

Sub. (3), sec. 3069, Stats. 1915, prescribing what orders are appealable to this court, declares that no order of the circuit court shall be considered appealable which simply reverses or affirms an order of the civil court of Milwaukee county unless the order of the civil court affects a provisional remedy or injunction. Just such an order as is before us here was held to be within the letter of the statute and not appealable in *Winternitz v. Schmidt,* 161 Wis. 421, 154 N. W. 626.

*By the Court.*—Appeal dismissed, with costs.