WITT, Respondent, vs. WONSER and another, Respondents, and EMPLOYERS LIABILITY ASSURANCE CORPORATION, LIMITED, Appellant.

*April 2—May 8, 1928.*

*Judgment: In advance of trial: Validity: Appeal: Order for judgment: Finding not ripened into judgment: Right to appeal.*

1. In an action to recover damages for personal injuries, judgment could not be entered against two defendants on an order of the court adjudging that a policy of insurance issued by one of them to the other was effective when plaintiff was hurt, since liability must be fixed by the court or a jury, and the connection between the negligence alleged and the injury complained of must be established in legal form. p. 595.
2. Such action of the court was not a judgment and appealable, under sec. 274.33, Stats., and if it was an order for a judgment it was likewise not appealable. p. 595.
3. A mere finding that has not yet ripened into a judgment is not, under sec. 274.33, Stats., appealable. p. 595.
4. The right to an appeal must be based upon the statute, and unless such right is granted by the legislature there is no appeal. p. 595.

APPEAL from an order of the municipal court of Outagamie county: THEODORE BERG, Judge. *Dismissed.*

Action begun December 28, 1926. Order entered Oc-

tober 17, 1927. The action is brought by the plaintiff against the defendants to recover damages for personal injuries sustained by the plaintiff in an automobile collision. The automobile in question was owned by the defendant *Joseph Wonser,* and was operated by his wife, the defendant *Minnie B. Wonser.* The defendant *Employers Liability Assurance Corporation, Limited,* of London, England (hereinafter called the corporation), was made a party defendant pursuant to sec. 85.25 of the Statutes of Wisconsin.

By the answer of the defendant corporation two issues were raised, and for the determination thereof a separate trial was granted. These issues were submitted to the jury by a special verdict containing two questions, as follows:

"(1) Was Herman J. Kamps an agent of the *Employers Liability Assurance Corporation, Ltd.,* of London, England, on the 11th day of May, 1926?

"(2) Was the policy of insurance issued by the *Employers Liability Assurance Corporation, Ltd.,* on May 11, 1926, to *Joseph Wonser,* in force on August 15, 1926?"

Both of these questions were answered in the affirmative. The defendant corporation after verdict moved the court to change the answers of the jury to the two questions aforesaid from "Yes" to "No," and for judgment on such amended verdict in its favor; also for judgment notwithstanding the verdict; and, in the event of the refusal of the court to grant either of the requests of the defendant corporation's motions, for a new trial. The court denied the various motions of the defendant corporation, and further ordered and adjudged that the policy of insurance involved was in full force and effect on August 15, 1926 (the date of the happening of the injury). From this order the defendant corporation appealed.

The court also issued a stay in the action brought to recover damages based on the alleged personal injuries until the appeal herein could be heard and determined.

The cause was submitted for the appellant on the briefs

of *Keller, Keller & O'Leary* of Appleton, and for the respondent *Witt* on the brief of *Benton, Bosser & Tuttrup* of Appleton.

DOERFLER, J. The action is one to recover damages for personal injuries. It is for this purpose, and no other, that the action was brought. No judgment could be entered upon the court's order, because it does not determine or fix any liability. The liability, if any, must be determined or fixed by a court or a jury, and if it be found either by the court or the jury that the policy in question was a valid policy and in force at the time of the injury, then judgment follows in plaintiff's favor in accordance with the order for judgment.

It requires no argument to conclude that, notwithstanding the finding or order herein entered, the corporation could not be held liable unless a case of negligence be first established in legal form. The action of the court, therefore, does not constitute a judgment. If we view it as an order for judgment, such order would not be appealable. *Puhr v. C. & N. W. R. Co.* 168 Wis. 101, 169 N. W. 305. If we deem the action as a mere finding, it is not appealable, for the reason that it has not yet ripened into a judgment. *Tellett v. Albregtson,* 160 Wis. 487, 152 N. W. 152.

Sec. 274.33 of the Statutes is entitled "Appealable orders." Such section, in part, reads as follows:

"The following orders when made by the court may be carried by appeal to the supreme court:

"(1) An order affecting a substantial right, made in any action, when such order in effect determines the action and prevents a judgment from which an appeal might be taken."

The order of the court does affect a substantial right made in an action, but such order in effect does not determine the action, nor does it prevent a judgment from which an appeal might be taken.

The right to an appeal must be based upon the statute,

and unless such right is granted by the legislature there is no appeal. *Puffer v. Welch,* 141 Wis. 304, 306, 124 N. W. 406. Under these circumstances the appeal must be dismissed.

*By the Court.*—It is so ordered.