First Wisconsin National Bank of Milwaukee, Appellant, vs. Carpenter, Respondent.

*March 6—April 2, 1935.*

For the appellant there were briefs by *Corrigan, Backus, Ruppa, Bortin & Backus,* attorneys, and *A. C. Backus, Jr.,* and *Francis H. Parson* of counsel, all of Milwaukee, and oral argument by *Mr. Parson* and *Mr. A. C. Backus, Jr.*

*Fred R. Wright* and *Herbert S. Thatcher,* both of Milwaukee, for the respondent.

FRITZ, J. Defendant contends that the order denying plaintiff's motion to strike out the answer as frivolous is not appealable. Such a contention does not appear to have been made and ruled on by this court since the decisions in *Gianella v. Bigelow,* 92 Wis. 267, 65 N. W. 1030, and *Jacobs v. Beebe,* 95 Wis. 389, 70 N. W. 468, although, in several cases, in which the right to appeal directly from such an order was not challenged, the orders were reviewed. See

*Home Acres Co. v. Swenson-Dibble L. Co.* 179 Wis. 556, 192 N. W. 42; *Fleischmann v. Reynolds,* 216 Wis. 117, 256 N. W. 778; and also *Slama v. Dehmel,* 216 Wis. 224, 257 N. W. 163, 167, in which we said that an order granting a motion to strike out an entire defense as sham may be reviewed by this court on the ground that it is in effect an order sustaining a demurrer. True, in *Wisconsin F. & F. B. Co. v. Southern S. Co.* 188 Wis. 383, 387, 206 N. W. 204, the right of a defendant to have such an order reviewed was challenged, but as that review was sought on defendant's motion for review filed by it, under sec. 3070, Stats. (now sec. 274.34), in connection with the appeal from a judgment, the order was held reviewable because that statute authorizes such a review, on an appeal from a judgment, of "any intermediate order . . . which involves the merits and necessarily affects the judgment." However, that decision does not hold that there can be an appeal from such an order, or a review thereof, independently of an appeal from a judgment.

It is also true that an order striking an entire defense on a motion which specifies as grounds therefor some ground listed in the statutes (secs. 263.17, 263.22) as ground for demurrer, has, for some purposes, been deemed in its legal effect as an order sustaining a demurrer. See the cases cited above and *Milwaukee Steamship Co. v. Milwaukee,* 83 Wis. 590, 595, 53 N. W. 839, 18 L. R. A. 353; *Williams v. Journal Co.* 211 Wis. 362, 247 N. W. 435. However, unless it expressly appears upon the face of such a motion that it is in fact based upon one of those statutory grounds for demurrer, so that it is virtually a demurrer, and the designation thereof as a motion, instead of as a demurrer, is merely a misnomer and can therefore be disregarded, there is no real basis for holding, on an appeal from an order entered thereon, that it is an order sustaining or overruling a demurrer, and that therefore an appeal therefrom is authorized under sub. (3) of sec. 274.33, Stats.

It is well established that "the right to appeal in civil proceedings is purely statutory, and does not exist at all except when, and then only to the extent, granted by statute." *Golden v. Green Bay Metropolitan Sewerage Dist.* 210 Wis. 193, 246 N. W. 505; *David Adler & Sons Co. v. Maglio,* 198 Wis. 24, 223 N. W. 89; *Witt v. Wonser,* 195 Wis. 593, 219 N. W. 344; *Gianella v. Bigelow, supra;* and that "the court has no jurisdiction to entertain an appeal from a nonappealable order." *Gilbert v. Hoard,* 201 Wis. 572, 230 N. W. 720; *Wiesmann v. Shanley,* 124 Wis. 431, 102 N. W. 932. For some time prior to the enactment of ch. 212, Laws of 1895, which amended subd. 4 of sec. 3069, S. & B. Ann. Stats. (now sec. 274.33), that subdivision expressly authorized an appeal from an order for "judgment on application therefor, on account of the frivolousness of a demurrer, answer or reply, or strikes off such demurrer, answer or reply, on account of the frivolousness thereof." However, by ch. 212, Laws of 1895, that provision in subd. 4 of sec. 3069, S. & B. Ann. Stats., was repealed. Shortly thereafter, in *Gianella v. Bigelow, supra,* on a challenge of the right to appeal from an order granting a motion to strike out a demurrer as frivolous, the appellant contended, that "inasmuch as the motion to strike out under the practice established in this state brings the demurrer up for a hearing on the merits to all intents and purposes the same as if the issue was brought up for a hearing on regular notice of argument, the order should be held to be appealable, under subd. 3 of the revised section, which gives the right of appeal from an order overruling or sustaining a demurrer." This court, however, dismissed the appeal because the order was not an appealable order, since the amendment of subd. 4 of sec. 3069, S. & B. Ann. Stats., by ch. 212, Laws of 1895. In that connection the court said,—

". . . it is obvious that the section was amended for the very purpose of restricting appeals. The right formerly ex-

isted from an order striking out a demurrer on motion as frivolous, independent of the right from the order sustaining or overruling the demurrer. Therefore, though the effect of the two orders is substantially the same, if the issue is brought to a hearing on regular notice for the first day of the term, general or special, an appeal may be taken from the order sustaining or overruling the demurrer. ·If a party sees fit to resort to the more summary method, by motion to strike out as frivolous, the order entered thereon will not be appealable."

Thus, although the court recognized that the legal effect of the order striking out the demurrer as frivolous on a motion was substantially the same as the effect of an order overruling the demurrer would have been, that similarity in effect was not considered sufficient to render an order entered on such a motion appealable.

That decision was followed in *Jacobs v. Beebe,* 95 Wis. 389, 70 N. W. 468, by dismissing an appeal from a similar order. Those decisions have never been expressly overruled, and there has been no restoration by statute of the right (formerly recognized in *Milwaukee Steamship Co. v. Milwaukee,* 83 Wis. 590, 595, 53 N. W. 839) to appeal from an order entered on a motion to strike a pleading as frivolous. Consequently, in the absence of statutory authorization for an appeal from such an order, and nothing to disclose, on the face of either the motion or the order, that it was actually based on some ground for demurrer, because of which it was in legal effect an order sustaining or overruling a demurrer, it must be held that it is not an appealable order. It follows that, as neither the motion nor the order under consideration discloses on its face that it was based on some ground which constituted ground for demurrer, the order denying that motion is not an appealable order, and that, therefore, the appeal therefrom must be dismissed.

On the other hand, the plaintiff was entitled to appeal from the order overruling its demurrer to the counterclaim. The demurrer was based, among other grounds, on the

ground that the cause of action alleged in the counterclaim was not pleadable as a counterclaim. The cause of action alleged in the complaint is in contract to recover the balance owing on a promissory note, dated January 13, 1933, and originally secured by collateral. In his counterclaim, the defendant alleges facts which he contends state a cause of action for fraud. If so, the fraud relied on is based on his allegations that on June 14, 1930, when he was at plaintiff's bank for the purpose of selling, at $10.50 a share, his three hundred and fifty shares of unpledged stock of the Wisconsin Bank Shares Corporation, of which plaintiff is a unit, and then applying the proceeds thereof on indebtedness which he then owed to the plaintiff, one of its vice-presidents falsely represented to him that the market on that stock had been "virtually plugged" at $10 per share, and that it would be selling at around $18 per share within a year; that, because of the matters thus represented, the vice-president urged that the defendant should not then sell that stock at $10.50 per share; that, relying on those misrepresentations, and induced thereby, the defendant had refrained from selling that stock until October 28, 1930, when the market value thereof had dropped to $5 per share; and that by reason thereof he was damaged in the sum of $1,300.

If those allegations state any cause of action whatsoever against the plaintiff, it is not a cause of action arising on contract, but can only be a cause of action for a fraud. As such a cause of action, it is pleadable as a counterclaim to plaintiff's cause of action on contract only if it comes within par. (a) of sec. 263.14 (1), Stats. 1933, which requires that it must be "a cause of action arising out of the contract or transaction or occurrence set forth in the complaint as the foundation of the plaintiff's claim or connected with the subject of the action." That requirement is not met by any of the defendant's allegations in his counterclaim. The only contract or transactions set forth in the complaint are that, on January 13, 1933, the defendant, for value received, made

and delivered to the plaintiff his promissory note to pay to plaintiff $6,720 with interest sixty days after date; that he had paid $5,558.23 thereon; that there remained due and owing $1,161.77 and interest, which defendant failed, neglected, and refused to pay, although payment thereof was demanded by the plaintiff; and that it was still the lawful owner and holder of the note. There is no allegation in either the complaint or the counterclaim which admits of any inference that defendant's cause of action for a fraud committed in June, 1930, either arose out of the contract entered into or transactions which occurred in January, 1933, and subsequent thereto; or that the alleged fraud committed in 1930 was in any manner connected with the subject of plaintiff's cause of action on the contract or transactions in 1933. Although, as appears from discussions in *McArthur v. Moffet,* 143 Wis. 564, 128 N. W. 445; *Liebhauser v. Milwaukee E. R. & L. Co.* 180 Wis. 468, 193 N. W. 522; and *Schaumburger v. Geisse,* 210 Wis. 127, 245 N. W. 206, there has been room for debate as to the meaning of the terms, "transaction" and "subject of action," as those terms are used in the statutes relating to the joining of causes of action, and the filing of cross complaints, and although the conclusions reached in those cases may also be applicable to those terms as used in sec. 263.14 (1) (a), Stats., neither of those terms can reasonably be construed so as to bring the defendant's cause of action for a fraud committed in 1930, within the meaning of those terms, so as to admit of the conclusion that that cause of action either arose out of the 1933 contract or the transactions set forth in the complaint, or that it is connected with the subject of the plaintiff's action. The mere allegations that the defendant, in June, 1930, for the purpose of selling his stock, informed one of plaintiff's vice-presidents that he desired to sell that stock, which was not pledged for any indebtedness owing to the plaintiff, and to apply the proceeds thereof on indebtedness then owing to the plaintiff, do not state facts showing that the cause of action for a

fraud committed in 1930 arose out of the 1933 contract or transactions. Consequently, the demurrer on the ground that the alleged cause of action set forth in the counterclaim was not pleadable as a counterclaim to plaintiff's complaint, should have been sustained.

*By the Court.*—Plaintiff's appeal from the order denying its motion to strike out defendant's answer is dismissed. The order overruling plaintiff's demurrer to the counterclaim is reversed, with directions to enter an order sustaining that demurrer.