RICHTER, Trustee, Respondent, vs. STANDARD MANUFACTURING Company, Appellant.

*December 10, 1936—March 9, 1937.*

122

For the appellant there was a brief by *Heber H. Pelkey* of Appleton and *Bouck, Hilton, Kluwin & Dempsey* of Oshkosh, and oral argument by *Mr. Ray C. Dempsey* and *Mr. Pelkey*.

*C. G. Cannon* of Appleton, for the respondent.

The following opinion was filed January 12, 1937:

NELSON, J. All of the questions relating to the merits of the interlocutory judgment are fully argued by counsel. However, in our view, we have no authority to deal with the merits of that judgment. That judgment was entered October 6, 1934. It was obviously an interlocutory judgment and determined all issues between the parties except the issues referred to the referee for his determination. A copy of the judgment was promptly served upon defendant's attorneys. No appeal from that judgment was taken until June 3, 1936, more than a year after it was entered of record.

Sec. 270.54, Stats. 1933, so far as here material, provided:

"In case of a finding or decision substantially disposing of the merits, but leaving an account to be taken, or issue

of fact to be decided or some condition to be performed, in order fully to determine the rights of the parties, an interlocutory judgment may be made, disposing of all issues covered by the finding or decision, and reserving further questions until the report, verdict or subsequent finding."

Sec. 274.01, Stats. 1933, in part provided:

"The time within which a writ of error may be issued or an appeal taken to obtain a review by the supreme court of any judgment or order in any civil action or special proceeding in a court of record is limited to one year from the date of the entry of such judgment or order, except," etc. [not here material] "provided, further, that such one year shall begin to run immediately from the entry of such judgment or order, and regardless of the time when the costs, if any, are taxed and inserted in such judgment or order."

Sec. 274.09, Stats. 1933, so far as here material, provided:

"Appeals may be taken from interlocutory judgments, subject to the same limitations as from final judgments."

In *Munk v. Anderson,* 94 Wis. 27, 68 N. W. 407, it was held that unless the record shows that an appeal was perfected within the time and in the manner prescribed by the applicable statutes, this court has no jurisdiction to entertain it. In *Fred Miller B. Co. v. Knebel,* 168 Wis. 587, 588, 171 N. W. 69, it was said:

"Since neither the consent of parties nor action of the court can extend the statutory time for the taking of an appeal (*Filer & Stowell Co. v. Chicago, M. & St. P. R. Co.* 161 Wis. 591, 155 N. W. 118), such a result cannot be reached by the indirect method of again moving for the same relief that was refused in the prior order."

A judgment is entered when duly signed and filed by the clerk, and the time to appeal begins to run whether costs have been taxed or not. *Netherton v. Frank Holton & Co.* 189 Wis. 461, 205 N. W. 388, 206 N. W. 919, 207 N. W. 953. Failure to raise the objection that there is no right of appeal or even the respondent's express or implied consent to have

this court pass upon the matter does not confer jurisdiction on this court, if in fact there is no right of appeal. *Hempel v. Hempel,* 174 Wis. 332, 181 N. W. 749, 183 N. W. 258. The applicable statutes and the decisions construing them impel the conclusion that the appeal of the defendant from the interlocutory judgment was not timely, because not taken within one year from the date of the entry of that judgment.

The appeal therefore must be dismissed.

The appeal from the final judgment was timely, but the amount found to be due the plaintiff is not questioned. The interlocutory judgment determined all matters and issues except as to the quantity and fair market value of certain merchandise which the court, in the interlocutory judgment, had adjudged was hauled away and converted by the defendant to its own use. The following language is found in the interlocutory judgment:

"It is hereby further adjudged and decreed; that defendant, the Standard Manufacturing Company, is also lawfully indebted to and owing plaintiff, upon and by virtue of plaintiff's second and third causes of action herein, for the fair value, as of the time of such sale, of the merchandise and stock in trade taken and hauled away from the plant of Graef Manufacturing Company by the Standard Manufacturing Company and appropriated and converted to its own use and not paid for by the Standard Manufacturing Company, with interest thereon at the rate of six per cent per annum from the 7th day of July, 1932, the date of demand for payment, as and when fixed and determined by said referee, as herein provided."

It is our opinion, that since no attack is made upon the finding of the referee as to the quantity and value of the converted properties, since the interlocutory judgment determined all matters except those referred to the referee, and since the appeal from the interlocutory judgment was not timely, there is nothing left, so far as the final judgment is concerned, for this court to review.

The appeal from the order denying the defendant's motion to correct and modify the interlocutory and final judgment so that the interlocutory judgment entered October 6, 1934, would become embodied in a final judgment of a later date, was timely taken, but in our opinion that appeal contains nothing of merit. It is quite unthinkable that the time in which an appeal may be taken from an interlocutory judgment like the one here may be extended by such a motion. The interlocutory judgment entered contained no mistake or clerical error which the court could correct at any time. *Bostwick v. Van Vleck,* 106 Wis. 387, 82 N. W. 302; *Packard v. Kinzie Avenue Heights Co.* 105 Wis. 323, 81 N. W. 488; *Milwaukee E. C. Mfg. Corp. v. Feil Mfg. Co.* 201 Wis. 494, 230 N. W. 607. It cannot fairly be said that the carefully drawn findings of fact and conclusions of law contain any mistake or clerical error, or that they are so inconsistent with the decision of the trial court as to permit correction. In its decision the court said:

"Upon the coming in of the referee's report and the completion of action thereon, order final judgment for the total amount then recoverable by the plaintiff as representative of the creditors of the Graef Manufacturing Company."

That entry does not impel the conclusion that the findings of fact and conclusions of law were inconsistent therewith.

In our opinion, the court was right in denying the motion because more than a year had expired after the entry of the interlocutory judgment and the time to appeal had fully expired.

*By the Court.*—The appeal from the interlocutory judgment is dismissed. The final judgment and the order are affirmed.

The following memorandum was filed April 7, 1937:

PER CURIAM *(on motion for rehearing).* The defendant, Standard Manufacturing Company, earnestly contends

that the court, in dismissing the appeal from the interlocutory judgment, overlooked *Muscoda Bridge Co. v. Worden-Allen Co.* 207 Wis. 22, 239 N. W. 649, 653, 240 N. W. 802. In the opinion in that case it was said:

"It appears that the notice of appeal was served April 23, 1931. The plaintiff contends that this appeal, being from a judgment entered September 28, 1928, was not taken within one year and was therefore not timely and was ineffectual. It is considered that the judgment entered September 28, 1928, was in the nature of an interlocutory judgment from which an appeal might have been taken under sec. 274.09, Stats.; that with the insertion of the damages in the judgment in March, 1931, the judgment became final and an appeal therefrom was authorized by sec. 274.01. The matter was so treated by both parties and we think properly so."

While it was stated in that opinion that "it is considered that the judgment entered September 28, 1928, was in the nature of an interlocutory judgment from which an appeal might have been taken under sec. 274.09, Stats.," the particular judgment referred to was not an interlocutory judgment at all. That judgment was entered pursuant to the mandate of this court in *Muscoda Bridge Co. v. Worden-Allen Co.* 196 Wis. 76, 219 N. W. 428. That mandate provided among other things:

"The judgment of the circuit court is reversed, with directions to dismiss the complaint."

When that mandate was complied with, the circuit court, in effect, entered the judgment of this court. The only thing left for the circuit court to do was to ascertain by a reference or otherwise the amount of damages which Worden-Allen Company had sustained by reason of the injunction. The judgment which was entered pursuant to the mandate of this court was not completed until the amount of the damages was ascertained and inserted in the judgment. No appeal would, of course, lie from the judgment which was entered in the circuit court in compliance with the mandate of this court.

The damages were ascertained in pursuance of sec. 268.07, Stats. 1927. It is to be regretted that the words, "in the nature of an interlocutory judgment," were used to describe the judgment entered pursuant to the mandate of this court in that case on September 28, 1928. We see no escape from the plain language of the statutes recited in the original opinion which limit the time in which an appeal from an interlocutory judgment may be taken.

*By the Court.*—Motion for rehearing denied.