WILL OF STANLEY: STANLEY and others, Appellants, vs. BRADFORD, Administrator, and others, Respondents.

*June 20—June 29, 1938.*

For the appellants there was a brief by *Knowles & Doo-little* of River Falls, and oral argument by *L. S. Doolittle.*

*Donald R. Farr, W. H. Frawley, Sr., W. H. Frawley, Jr.,* and *Chas. S. Kidder,* all of Eau Claire, for the respondents.

ROSENBERRY, C. J. This matter was once before this court and was reported in (1937) 223 Wis. 345, 269 N. W. 550. Upon the return of the record to the trial court in that case, further proceedings were had in the estate, and on March 11, 1937, the final account of the administrator *de bonis non* with the will annexed was brought on for a hearing. On October 26, 1937, the court filed its findings of fact and conclusions of law. The findings of fact are a recital of matters relating to the estate. Under the heading "As CONCLUSIONS OF LAW THE COURT FINDS" appear the following:

"1. That the said payments by the administrator to William H. Stanley made after February 5, 1936, in the sum of $1,500, were unauthorized and the credits claimed therefor in his account are stricken and the account surcharged with said sum of $1,500.

"2. That except as found in the foregoing conclusion, the objections of Cornelius Stanley, Wilbur Stanley and Mildred Cave are not well taken and are hereby overruled.

"3. That except for said surcharge the account of said administrator from his appointment to June 10, 1937, is found to be true and correct and is hereby allowed and approved."

It is well established that an appeal does not lie from mere findings or conclusions of law. *Tellett v. Albregtson* (1915), 160 Wis. 487, 152 N. W. 152. Apparently no attempt was made to enter a judgment nor does the court order judgment. Although denominated conclusions of law, paragraphs 1, 2, and 3, under that title appear to perform the office of an order approving the account of the administrator *de bonis non.* They have been so treated by the parties and by the trial court and will be so considered here.

On November 29, 1937, notice of appeal from the order by the residuary legatees was served upon the clerk of court. This notice was dated November 24, 1937. The notice of appeal was not accompanied by a bond as required by sec. 274.11 (2), Stats. Upon the petition of the appellants on December 20, 1937, application was made to be exempted from furnishing an appeal bond and it was on that day denied. Upon the request of the appellants made in open court an order was entered fixing the amount of the bond on appeal at the sum of $500, pursuant to sec. 274.24, Stats. There appears in the files a bond executed by John L. Boe and Clifford F. Cave as sureties under date of January 24, 1938, which is in the penal sum of $250. The bond has never been approved nor was it served upon the attorneys for the respondents or any of them. While the bond was dated December 20, 1937, the sureties did not justify until January 20, 1938, and the bond was filed January 24, 1938. The time for taking the appeal expired December 26, 1937. The respondents move to dismiss the appeal of the residuary legatees on the ground that it was not taken in time. The appellants claim the right to proceed under the provisions of sec. 274.32, Stats., which provides:

"When a party shall in good faith give notice of appeal and shall omit, through mistake or accident, to do any other act necessary to perfect the appeal or make it effectual or to

stay proceedings, the court from which the appeal is taken or the presiding judge thereof, or the supreme court or one of the justices thereof, may permit an amendment or the proper act to be done, on such terms as may be just."

Sec. 274.11 (2), Stats., provides:

". . . An appeal shall be deemed perfected on the service of the bond for costs, or the deposit of money instead, or the waiver thereof."

The appellants have not applied either to the trial court or to this court for leave to perfect the appeal.

Sec. 324.04 (1), Stats., provides that an appeal shall be taken within sixty days from the entry of the order. Nor is there any showing that the omission to file the appeal bond was the result of mistake or accident. No reason appears why the sureties could not have justified on the day they signed the bond.

The appeal not having been perfected within the time required by law, and there being no excuse or justification for failure to perfect the appeal, the appeal must be dismissed.

The appellants made a motion in this court, (1) for an order directing the return of the record to the trial court and that this court direct the trial court properly to settle and determine the bill of exceptions; and (2) for a further order determining the status of the appeal bond furnished and giving appellants such further instructions with respect thereto as may be proper.

It appears from the record that the trial court on February 17, 1938, made an order extending the time within which the proposed bill of exceptions might be served to April 1, 1938. The appellants made no effort to serve the proposed bill until April 21, 1938. On April 30, 1938, the appellants moved for an order settling a bill of exceptions, and if that motion be denied for an order extending the time within which the proposed bill of exceptions might be

served. These motions were denied by order dated May 23, 1938. No appeal was taken from this order although the order was entered several months after the order appealed from was entered.

Sec. 274.34, Stats., provides that upon appeal from a judgment the court may review an intermediate order which involves the merits and necessarily affects the judgment. This section, however, has no application when the appeal is from an order. The determination made by the court and entered under the title "Conclusions of Law" on October 26, 1937, is neither in form nor substance a judgment. It is in substance an order approving the final account. Therefore, the provision relating to review of intermediate orders on appeal from a judgment does not apply. Even if it should be held that it did apply, an appeal from a judgment entered October 26, 1937, would not bring up for review an order made subsequently. *Kozik v. Czapiewski* (1908), 136 Wis. 70, 116 N. W. 640. It appears that the trial court denied the motion for an order to extend the time within which the bill of exceptions might be settled on the ground that appellants were guilty of a lack of diligence and that no excuse or justification for their failure to proceed within the time limited for settling the bill was shown. The appellants now seek upon the record in this court to obtain a review of that order by motion. This is certainly a novel and irregular procedure and one for which we can find no warrant in the practice of this court. Whether or not the trial court should extend the time within which the bill of exceptions may be settled is a matter largely within its discretion. In the cases where the question is properly before this court the determination of the trial court will not be reversed except in cases where the court has abused its discretion. There appears no abuse of discretion in this case. On the contrary, had the court extended the time it might be subject to the criticism

found in *Ward v. Racine College* (1922), 176 Wis. 168, 185 N. W. 635, where it was held that the parties should be held to a strict rule because if that practice is not followed the constitutional right of the parties to obtain justice without delay (sec. 9, art. I, Const.) would be defeated.

*By the Court.*—Appeal dismissed with $10 costs for the respondents on each motion.