Estate of Maurer: Roeder and others, Appellants, vs. Maurer and another, Respondents.

*April 10—May 7, 1940.*

*Thomas J. Brown* of Milwaukee, for the appellants.

For the respondents there was a brief by *Herbert J. Gergen* of Beaver Dam, attorney for Pauline Maurer, and *Paul A. Hemmy, Jr.,* of Juneau, attorney for Scott Runke, administrator, attorneys, and *W. E. Torkelson* and *Wilkie, Toebaas, Hart, Kraege & Jackman,* all of Madison, of counsel, and oral argument by *Mr. Torkelson.*

FOWLER, J.  The respondent contends that this court is without jurisdiction because the order appealed from is not appealable.  We are constrained to sustain this contention.  No claims were filed against the estate but that of claimant.  Her claim consisted of many separate items.  Hearing on the claim was duly had and the county judge filed a writing consisting of five typewritten eight-by-twelve pages which he denominated and which is indorsed as a "Decision on claim of Pauline Maurer," in which he considered each item separately and found the amount due therefor.  This writing concludes as follows: "Judgment may be entered for the amount in favor of Mrs. Maurer against the estate of George E. Maurer, deceased, for the amount set forth in this opinion, namely the sum of $1,731.43."  The notice of appeal reads that the appeal is "from the judgment or decision

rendered and entered . . . which stated that: [here follows the language of the order above quoted]."

Appeals from the county courts to this court are governed by sec. 324.01 (2), Stats. This subsection provides that ch. 274, Stats., which governs appeals to this court in civil actions and special proceedings, applies to appeals from the county court to this court. Sec. 274.33 which is contained in ch. 274 declares what orders are appealable, and sub. (1) thereof is the provision applicable to the instant order. It provides that an appealable order is one "affecting a substantial right . . . when such order in effect determines the action and prevents a judgment from which an appeal might be taken." The instant "decision" is by its terms an order for judgment. It does not prevent, but in fact expressly directs, entry of "a judgment from which an appeal might be taken." It therefore is not an appealable order.

It is said in *Will of Pattison,* 190 Wis. 289, 298, 207 N. W. 292, that if a writing filed by the county court be considered as findings this court is without jurisdiction to review it. It is also said, page 296: "If we consider the 'opinion and decision' as being in the nature of findings, as it evidently was considered by the trial court, then it had not yet ripened into anything appealable," citing numerous cases. To the same effect is *Estate of Lewis,* 207 Wis. 155, 240 N. W. 818. It is true that in *Will of Pattison, supra,* it is said that the substance and nature of the thing from which an appeal is attempted to be taken, rather than the name given to it by the court or the parties, determines whether it is appealable, and the court in that case construed the thing there denominated as a "decision and opinion" as appealable. The appellants cite three cases that involved particular "decisions" which were held appealable upon this statement in the *Pattison Will Case, supra. Will of Jansen,* 181 Wis. 83, 84, 193 N. W. 972, and *Will of Stanley,* 228 Wis. 530, 280 N. W. 685, both of which involved construc-

tion of a will, were so cited. In the former the court had filed a paper it denominated "Findings of fact and conclusions of law," in which the will "was formally construed." It is there said that there is no occasion to file findings of fact and conclusions of law in a case for construction of a will. That the better practice is to incorporate the construction in a formal decree. But as the portion of the writing of the court appealed from did construe the will, the court gave it effect as such. It is not mentioned in the opinion but there was also an appeal from the order settling the final account of the executor and assigning the estate to the widow "in accordance with the terms of the will, as construed by this (county) court." It thus appears that the county court itself had treated its so-called "findings of fact and conclusions of law" as a final determination and given effect to it as such in its final order settling the estate. In neither case was there an express direction to enter judgment. Neither case required the filing of any "findings of fact or conclusions of law." In the instant case findings of fact were necessary such as were incorporated in the writing denominated by the court "Decision on claims." The instant decision constituted findings of fact, no matter what the court called them, *Will of Daniels;* 225 Wis. 502, 510, 274 N. W. 435, and the court's direction plainly and undeniably was a conclusion of law that the claimant was entitled to judgment for the amount found and an order directing the entry of judgment for such amount. If the instant writing of the court is subject to appeal, then every "findings of fact and conclusions of law" which sec. 270.33, Stats., requires to be filed in every civil action tried by a court is so subject. But a mere finding not ripened into a judgment is not appealable; nor is an order directing judgment. *Witt v. Wonser,* 195 Wis. 593, 595, 219 N. W. 344, citing cases. We cannot give to the "decision on claims" here involved the effect claimed for it by appellants. To do so would be to flout either the

statute (sec. 274.33) or the English language. We cannot do the former and we will not do the latter.

*State ex rel. Zilisch v. Auer,* 197 Wis. 284, 221 N. W. 860, 223 N. W. 123, is also cited by appellants in support of the contention that the decision involved is appealable. That was a *mandamus* action. The question involved was the constitutionality of an act of the legislature. A motion to quash the alternative writ was made by the defendant. Upon hearing of the motion the court filed a long "decision" in which it considered separately the several grounds of the contention of the defendant and held them not sustainable. No findings of fact were called for. Having held the act constitutional the only act required of the court was to deny the motion to quash the writ. On this being done a return to the writ would be receivable. The court concluded its "decision" with a paragraph reciting that the statute involved was constitutional and the writ properly issued and closing with the clauses: "That defendant's motion to quash should be denied; and that if defendant does not file a return to said alternative writ of *mandamus* herein within ten days, a peremptory writ of *mandamus,* as prayed for by the petitioners, should be issued. Let judgment be entered accordingly."

Under our practice an order denying a motion to quash an alternative writ of *mandamus* is in effect an order overruling a demurrer to the petition, and as such is appealable. The decision in the *Auer Case, supra,* so states. Had the court used the phrase "is denied" instead of the phrase "should be denied" in its concluding paragraph, that paragraph would have manifestly rendered the "decision" appealable as an order overruling a demurrer. In the situation there involved all the court had to do was to say "the motion to quash the writ is denied," and fix a time in which the defendant might file his return. The court instead of merely filing such statement filed its opinion, which it denominated

a "decision," and incorporated such statement in its closing paragraph. The rest of the paragraph is merely a statement of what would follow unless a return were filed, just as when a demurrer to a complaint is sustained, a judgment of dismissal will follow unless an answer is filed within the time fixed by the court. Obviously, the court treated the portion of the "decision" above referred to as constituting a mere denial of the motion to quash or an order sustaining a demurrer to the petition, and therefore appealable. We have no like situation here.

Why is it that when members of the bar are contemplating an appeal that they so often fail to consider whether what they are contemplating to appeal from is a judgment or an order and if the latter whether it is appealable? It is just as necessary to get something from the court that is appealable before you can have an appeal as it is to "get your rabbit before you can have a rabbit stew."

We cannot consider the merits because that from which the appeal is taken is not appealable. *McKey v. Egeland,* 222 Wis. 490, 269 N. W. 245; *Richter v. Standard Mfg. Co.* 224 Wis. 121, 271 N. W. 14, 271 N. W. 914; *Delpo Corp. v. Northern States Power Co.* 215 Wis. 329, 254 N. W. 553; *First Wisconsin Nat. Bank v. Carpenter,* 218 Wis. 30, 259 N. W. 836; *Riedel v. Northwestern Mut. Life Ins. Co.* 211 Wis. 149, 246 N. W. 569; *Appleton v. Greenspon,* 202 Wis. 322, 232 N. W. 598; *Gilbert v. Hoard,* 201 Wis. 572, 230 N. W. 720; *Estate of Fish,* 200 Wis. 61, 227 N. W. 272.

*By the Court.*—The appeal is dismissed.