HOME OWNERS' LOAN CORPORATION, Respondent, vs. PAPARA (TONY) and others, Defendants: PAPARA (ESTHER) and another, Appellants.

*May 10—June 4, 1940.*

For the appellants there was a brief by *E. W. Lawton* of Racine, attorney, and *Olin & Butler* of Madison of counsel, and oral argument by *Mr. Lawton* and by *Mr. Robert M. Rieser* of Madison.

For the respondent there was a brief by *Charles P. Regan* of Milwaukee and *Gerald T. Flynn* of Racine, and oral argument by *Mr. Flynn*.

ROSENBERRY, C. J.    The papers in this case disclose a great deal of confusion as to the rights of parties to actions to appeal.    However, out of the mass of allegations made in

the notice of appeal served and filed by the appealing defendants, it appears that there is a good appeal from the order dated May 9, 1939, an appeal having been taken within six months and the time not having been limited by service of a notice of entry of order as provided in sec. 274.04, Stats. 1939. It is apparent that this court cannot, upon the stipulation of the parties, consider the right of the plaintiff to subrogation. That issue has never been tried by the municipal court of Racine county. This court is a court of appellate jurisdiction, and with respect to the plaintiff's rights in regard to subrogation, nothing is brought before this court by the appeal. Before this court can review that question there must be a trial in the municipal court and a determination by that court. The attempt to appeal from the judgment filed January 12, 1939, is of no effect for the reason that, in the first place, no judgment was entered, and if a judgment had been entered on that date, the time for appeal had long since expired. The statutes nowhere authorize appeals to this court from decisions and findings, only from orders and judgments.

With respect to the appeal from the order of the trial court granting a new trial in the interest of justice, it is only necessary to say that the order appealed from is a highly discretionary one. An attempt is made here to establish abuse of discretion on the ground that the trial court granted the motion for the reason "that a new trial may disclose the person or persons who committed the forgery." While it is true that the trial court did in an opinion dated February 24, 1939, say that—

"In the interest of justice, the court is of the opinion that the discovery of who committed the fraud may be very important to the end that justice may prevail."

The court also said:

"The plaintiff parted with the money to pay off the mortgage indebtedness held by the Home Mutual Building & Loan Association in good faith and with the understanding

that it was to be secured by a mortgage on the premises. Somewhere during the process of having the note and mortgage executed by the owners of the property a fraud was committed by someone.

"It is the opinion of the court that a new trial be and the same is hereby granted upon the motion of the plaintiff without costs to either party."

By the order dated February 12, 1939, the court had denied the right of plaintiff to subrogation, and apparently became convinced that plaintiff was entitled to a new trial upon that issue, and it granted a new trial for that reason and made an order permitting plaintiff to amend its complaint accordingly. We see no ground for holding that the trial court abused its discretion.

*By the Court.*—The motion to dismiss the appeal is denied; the order granting a new trial is affirmed, and the appeals or attempted appeals from all other decisions, orders, and judgments are dismissed. Plaintiff to have its costs in this court.