NORTHLAND GREYHOUND LINES, INC., Appellant, vs. BLINCO, Respondent.

*January 9—February 7, 1956.*

For the appellant there were briefs by *Cavanagh, Mittel-staed, Sheldon, Heide & Hartley* of Kenosha, and oral argument by *William A. Sheldon.*

For the respondent there was a brief by *Vaudreuil &
Vaudreuil* of Kenosha, and *La France, Thompson & Zahn*
of Racine, attorneys, and *Alfred E. La France* and *William
E. Dye,* both of Racine, of counsel, and oral argument by
*Alfred E. La France.*

GEHL, J.   We are required to determine whether the
so-called judgment is appealable. If it is not, we are without
jurisdiction to consider the merits of the controversy. *Wilt
v. Neenah Cold Storage Co.* (1907), 130 Wis. 398, 110
N. W. 177; *Kling v. Sommers* (1948), 252 Wis. 217, 31
N. W. (2d) 206. The fact that the question has not been
raised is immaterial, for such failure does not confer juris-
diction. *Richter v. Standard Mfg. Co.* (1937), 224 Wis.
121, 271 N. W. 14, 271 N. W. 914. The fact that the docu-
ment signed by the judge is designated as an interlocutory
judgment is not controlling. *Lemon v. Aronson* (1917),
166 Wis. 146, 164 N. W. 820; *O'Hare v. Fink* (1948), 254
Wis. 65, 35 N. W. (2d) 320.

To render the paper effective as a judgment it must be
the final determination of the rights of the parties, sec.
270.53 (1), Stats., a determination as to whether a duty or
a liability presently exists, *Greeney v. Greeney* (1916), 163
Wis. 377, 157 N. W. 1097. The purpose of the legislature
in authorizing the entry of an interlocutory judgment, sec.
270.54, and an appeal therefrom, sec. 274.09, was not to
permit the interruption of a trial for a final decision upon a
question of law which might arise during the progress of the
trial, but to authorize a judgment which would finally dis-
pose of a portion of the controversy. *Kickapoo Development
Corp. v. Kickapoo Orchard Co.* (1939), 231 Wis. 458, 285
N. W. 354.

To properly characterize it as an interlocutory judgment
it must, as the statute provides, be a "finding or decision
substantially disposing of the merits." Sec. 270.54, Stats.
The document may not be said to be a substantial disposition

of any element of the merits of the case. The expression of the court is no more than its decision upon a question of law which will arise during the trial. It is at most an intermediate conclusion of law from which no appeal may be taken. *Tellett v. Albregtson* (1915), 160 Wis. 487, 152 N. W. 152; *Will of Stanley* (1938), 228 Wis. 530, 280 N. W. 685; *Home Owners' Loan Corp. v. Papara* (1940), 235 Wis. 184, 292 N. W. 281. It is in no sense a judgment or order from which an appeal is authorized by statute. Without such authority we may not entertain the appeal. *Kling v. Sommers, supra.*

The correctness of our conclusion is made clear by reference to the fact that the right of appeal is confined to parties aggrieved in some appreciable manner by the action of the court, and that,—

"A party is aggrieved if he would have had the thing if the erroneous judgment had not been given. Or, as it is sometimes put, in a legal sense a party is aggrieved by a judgment or decree whenever it operates on his rights of property or bears directly upon his interest. A broader and more comprehensive definition is that an aggrieved party, within the meaning of a statute governing appeals, is one having an interest recognized by law in the subject matter which is injuriously affected by the judgment." 2 Am. Jur., Appeal and Error, p. 945, sec. 152. Quoted with approval in *In re Fidelity Assur. Asso.* (1945), 247 Wis. 619, 625, 20 N. W. (2d) 638.

Neither party to this action has as yet lost a thing by the court's action; the interest of neither in the subject matter of the action has been injuriously affected by it.

It should be pointed out also that the stipulation of the parties provided that the court make the determination referred to,—

". . . leaving open, as issues of fact to be later decided, the questions of whether the passengers in the plaintiff's bus were guilty of causative contributory negligence, whether the negligence of the said bus passengers equaled or exceeded the negligence of the driver of the defendant's truck, if any, and

whether the negligence of the said bus passengers equaled or exceeded the negligence of the plaintiff's bus driver, and if the court concludes that the former judgment is not *res judicata,* leaving open the question of the causative negligence of the drivers of the plaintiff's and defendant's vehicles, and the comparison thereof;"

thereby recognizing that the court's action upon the stipulation was not to be considered as actually determining the ultimate rights of either of the parties.

*By the Court.*—Appeal dismissed.