MILWAUKEE STEAMSHIP COMPANY, Respondent, vs. THE CITY OF MILWAUKEE, Appellant.

*November 17 — December 6, 1892*

*Taxation: Principal office of corporation.*

1. Sec. 1772, R. S., providing that articles of incorporation shall state "the name and *location*" of the corporation, does not authorize them to fix the place where its *principal office* shall be.
2. The articles of incorporation of a company owning and employing a large number of vessels on the great lakes stated that it should have its principal office in the town of L., near the city of Milwaukee. It had in such town an office in which the stockholders held their annual and special meetings and the directors held their annual meetings, but all its other business was transacted at the office of its president and secretary, who were insurance and vessel agents, in the city of Milwaukee. *Held,* that for the purposes of taxation its "principal office or place of business" (sec. 1041, R. S.) was in the city of Milwaukee.

APPEAL from the Circuit Court for *Milwaukee* County. Action to recover the amount of taxes paid under protest. The facts are sufficiently stated in the opinion. The defendant appeals from a judgment in favor of the plaintiff.

For the appellant there was a brief by *Conrad Krez,* city

attorney, and *V. W. Seely*, assistant city attorney, and oral argument by *Mr. Krez*.

For the respondent there was a brief by *Van Dyke & Van Dyke*, and oral argument by *G. D. Van Dyke*. They contended, *inter alia*, that under existing statutes the personal property of the plaintiff corporation is properly assessable only in the assessment district where it is located by its articles of organization. R. S. secs. 1040, 1041, 1772, 1748, subd. 4. Substantially the same language as is used in sec. 1041, R. S., is found in sec. 15, ch. 15, R. S. 1849, and sec. 13, ch. 18, R. S. 1858. Identically the same language as is found in the revised statutes of 1849 and 1858 is found in the statutes of New York (1 R. S. 389, sec. 6), and it is fair to assume that it was borrowed from New York. Since its adoption here it has been repeatedly construed in New York. *Western Transp. Co. v. Scheu*, 19 N. Y. 408; *Oswego S. F. v. Dolloway*, 21 id. 449; *Union S. Co. v. Buffalo*, 82 id. 351. Substantially the same statutory provisions and the same construction thereof are found in Ohio and in Connecticut. *Pelton v. Transp. Co.* 37 Ohio St. 450; *Middletown F. Co. v. Middletown*, 40 Conn. 65.

ORTON, J. The following facts are substantially stated in the complaint:

The plaintiff is a corporation of this state, and is conducting the business of owning and employing steam and sail vessels in the general freighting business on the lakes and navigable waters connecting them, and at the times herein mentioned owned a large number of such vessels, and employed them in carrying cargoes of iron ore and other cargoes between points and places on said lakes. In its articles of organization, duly made and filed, it is certified and declared, in accordance with sec. 1772, R. S., that "the name of said corporation shall be the Milwaukee Steamship Company; it shall be located in and have its

principal office in the town of Lake, in Milwaukee county, but may transact business in and locate such branch office or offices at such place or places in any part of the state, or any of the states, as may be necessary or convenient and shall be designated by the board of directors." At all times herein mentioned the plaintiff had and maintained an office in a building in the town of Lake, in said county, outside the city of *Milwaukee,* upon which said building was a sign bearing the inscription, "Office of the Milwaukee Steamship Company," at which office in said building the stockholders of the plaintiff held their annual meetings for the election of directors, and also such occasional special meetings as were necessary; and there the directors of said plaintiff held their annual meeting for the election of officers, *but no other business of said company was ever transacted at said place.* And at all other times said office remained in charge of John Saveland, the plaintiff's assistant secretary, who at all times resided in said building in which said office was located.

The manner in which the plaintiff's vessels were employed was as follows: David Vance and Frank L. Vance, copartners under the firm name of David Vance & Co., and engaged in business as fire and marine insurance agents and vessel agents, had an office in the Third ward of said city of *Milwaukee,* in which was conducted the business of said firm of David Vance & Co. The said firm acted as the agents for plaintiff's vessels among others, and as such agents usually chartered them before the opening of navigation in each year for such season, or for a number of consecutive trips. The vessels so chartered have been principally employed in carrying iron ore from Escanaba and Ashland to Lake Erie ports, with occasional return cargoes of coal. The masters of said vessels attended to the details of the business of the same under their command, collecting freight, paying the usual running expenses,

and remitting the balance to the said firm as agents for such vessels. The said firm of David Vance & Co., as agents, kept an account of the moneys so received and such disbursements as they made on account of said vessels, and accounted therefor to the plaintiff annually, or as required. At all said times said David Vance was president, and said Frank L. Vance was secretary, of the plaintiff company, and David Vance & Co. were the plaintiff's agents; and the secretary kept an account of the net earnings of the vessels and of the dividends made and paid from time to time. At all said times the plaintiff employed no clerks, bookkeepers, or office help, and did not have or occupy any office in the city of *Milwaukee,* and did not in any manner contribute to the payment of the rent of said office.

In the year 1890 all the vessels owned by the plaintiff, and employed as aforesaid, were assessed for the purpose of taxation in said town of Lake, on the 17th day of December, 1890; and the plaintiff duly paid to the town treasurer of said town all the state, county, school, and town taxes levied pursuant to the assessment aforesaid in that year. In said year 1890 the assessor of the Third ward of the city of *Milwaukee* also listed said vessels for assessment for the purpose of taxation in said Third ward, and the said vessels were assessed in said ward, and the city tax hereinafter mentioned levied against the plaintiff thereon, notwithstanding the plaintiff duly protested against the same before the assessor and board of review. On the 31st day of March, 1891, the chief of police of the city of *Milwaukee,* having the warrant authorizing him to collect the delinquent city taxes, demanded the payment of said tax so levied against the plaintiff in respect to said vessels, and, the plaintiff refusing to pay the same, said officer levied upon property of the plaintiff to satisfy the same, whereupon the plaintiff, under coercion of said levy, to save its property, and under protest, paid the city taxes and charges

in the sum of $798.37; and said sum has been covered into the treasury of said city.

Judgment against the defendant is prayed for the sum of $798.24 and interest, besides costs.

The defendant, by answer, either admits or alleges ignorance of the main facts set forth in the complaint, and avers on information and belief that at all the times mentioned in the complaint the plaintiff had kept and maintained an office in the Third ward of the city of *Milwaukee*, at which said office the plaintiff kept its officers and clerks, all of its general and principal books of account, and its stock book; and there its officers transacted all of its business, except as hereinbefore admitted, and; save the annual election of directors and officers and special meetings of stockholders, no other business was done or transacted by the plaintiff at its said office in the town of Lake; and at all times, save at the times of said elections and meetings, said office in the town of Lake remained closed, and that no books of account, or any stock book, were ever kept in or taken to said office.

It will be seen that in respect to these two offices of the company the answer does not much enlarge the averments of the complaint. The complaint states that no business was done in the office of the town of Lake except the annual and special meetings of the stockholders for the election of directors, and the annual meeting of the directors to elect officers; "and no other business of said company was ever transacted at that place." The office in the Third ward of the city of *Milwaukee* was kept by David Vance, the president, and Frank L. Vance, the secretary, of the company; and they were also vessel agents, and acted for plaintiff's vessels, and chartered them each year, or for consecutive trips. The captains of the vessels remitted to them there the balances after paying the running expenses. The secretary of the company kept there an account of the

net earnings of the vessels and the dividends made and paid from time to time. David Vance & Co. were the plaintiff's agents at all times at that office, and kept an account there of the moneys received and the disbursements made on account of said vessels, and accounted to the plaintiff annually therefor. It is a fair inference from the complaint that all the business and financial affairs of the company were transacted, and accounts thereof kept, and everything done by the company that required an office, except the said election meetings, was done at said office in the Third ward of the city. The answer states that the plaintiff kept its offices and clerks, all of its general and principal books of account, and its stock book, and transacted all the business of the company at the Third ward office, except only such election meetings; and that at all other times the office in the town of Lake remained closed. There is but little, if any, difference between the complaint and answer as to what was done at these two offices.

The plaintiff moved to strike the answer from the files, on the ground of its frivolousness, and the court granted the motion. In present practice this is the same in effect as sustaining the demurrer on the ground that the answer does not state a defense to the action. The court entered an order not only granting the motion, but for judgment in favor of the plaintiff on the pleadings, without leave to answer over, and rendered judgment for the plaintiff.

We shall treat the order as in effect sustaining the demurrer to the answer. The only question presented is, Was " the principal office or place of business" of this corporation in the Third ward of the city of *Milwaukee*, where its property was assessed for the purpose of taxation? If so, that shall be held to be its residence for such purpose. Secs. 1040, 1041, R. S.

In view of the contention of the learned counsel of the

Milwaukee Steamship Co. vs. The City of Milwaukee.

respondent that its "principal office" is fixed by law in the town of Lake, it must be observed that the statute (sec. 1772, R. S.) provides that the corporation, in its articles of incorporation, shall state "the *name* and *location* of such corporation." The articles of this company go further, and state also "that its principal office shall be in the town of Lake," or "it shall have its principal office" at that place. This is unauthorized by the statute, and of course of no effect. Its "location," whatever that may mean, may or may not have been properly stated, but as to the place of its principal office the articles are simply void.

As a legal conclusion from the facts stated in the complaint and answer there would seem to be no doubt that the principal office or place of business of the plaintiff company, when its property was assessed, was in the Third ward of the city of *Milwaukee.* That was the office of its president and secretary and vessel agents. There the accounts were kept of all the business of the company, the net earnings were returned to that office, and the dividends were there made and paid, and the vessels chartered. There the receipts and disbursements of all moneys were made, and the account thereof kept. All the account and stock books were kept there. In short, all the business, financial or otherwise, of the company was done there. The election of directors and officers was held at that house in the town of Lake, and at all other times, as an office for any purpose, it was closed. It could scarcely be seriously contended that the "principal office or place of business of the company" was in the town of Lake, or was not in the Third ward of *Milwaukee.*

The recent case of *Detroit Transp. Co. v. Board of Assessors,* 91 Mich. 382, is strongly in point with this case. In that case the property assessed was vessel property in the business of transportation on the lakes. In the articles of association it was stated "that the office for the transaction

of the business of said corporation shall be in the township of Hamtramck, in the county of Wayne, and state of Michigan." The office in said township was at the residence of one Vorhees, a short distance out of the city of Detroit, and on one end of the stoop there was a small tin sign with the corporate name on it. No business was ever done there except the election of directors and officers as in this case. After the enlargement of the corporate limits of Detroit, so as to include the residence of Vorhees, the company amended its articles and moved its sign and office to the house of one David Whitney in said township; but nothing else was ever done there by the company except such elections may have been held there. All the officers and agents of the company resided and did business in the city of Detroit; and the books of the company were kept there, and it receives and pays out money there, and the general manager of the company has his office there. The Michigan statute provides that "all corporate property shall be assessed to the corporation as to a natural person in the name of the corporation. The place where its principal office in this state is situated shall be deemed its residence." That statute does not differ essentially from our own. The court held that the principal office of the company was in the city of Detroit for the purpose of assessment of its property. In that case all the authorities cited by the plaintiff's counsel are reviewed and held inapplicable, except *Union Steamboat Co. v. Buffalo*, 82 N. Y. 351, and *Pelton v. Transp. Co.* 37 Ohio St. 450. In *Western Transp. Co. v. Scheu*, 19 N. Y. 408, and *Oswego Starch Factory v. Dolloway*, 21 N. Y. 449, cited in respondent's brief, it was held that the articles of association fixing "the principal office or place for transacting the financial concerns of the company" were according to the statute, and therefore conclusive. And so it may be said of the two above-excepted cases also. In the first of said cases the language in the articles of association is

slightly different from the statute, but the court held that
it was not materially different, and therefore conclusive.
In the last of said excepted cases the articles were author-
ized by the statute, and held conclusive of the question of
the residence of the company for the purpose of taxation.

If the articles of association of this company had stated
that its "principal office or place of business" was at said
house in the town of Lake, and the statute had provided
that the articles should contain the principal office or place
of business of the corporation, I am not prepared to inti-
mate that it would be conclusive of the question, notwith-
standing the above authorities. It would seem to give to
a corporation the power to fix conclusively the place of its
principal office or place of business falsely, to evade taxa-
tion in the place where its principal office or place of busi-
ness actually and really is, when no other taxpayer has
such a right or power. The rule of taxation must be *uni-
form* in this state. But the question is not before us in
this case, for our statute does not authorize the articles to
contain the "principal office" of the company, but only its
"location." That word is not the same in language or
meaning as the words "principal office or place of business."
If required to say what the word "location" here means, I
would say it probably means that its name shall be *localized*,
as in this case the "Steamship Company" is made wrongly,
by its location, the "*Milwaukee* Steamship Company." By
its location it is not a *Milwaukee* company, and perhaps
ought to be called, according to its articles, "Town of Lake
Steamship Company." The words of the statute, or their
obvious equivalents, should be used in the articles, to have
the effect to determine the place where the corporation is
to be assessed on its property by force of the articles them-
selves against the real facts. There is nothing in this case
to break the force of the overwhelming evidence that the
principal office and place of business of this corporation

was within the Third ward of the city of *Milwaukee.* The company was rightfully and properly assessed at that place on its property, and liable to pay the taxes thereon as there assessed. The motion should have been denied, or the demurrer overruled.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a new trial therein.