HOME FIRE INSURANCE COMPANY *v.* BENTON.

## Opinion delivered February 10, 1913.

1. TAXATION—CORPORATIONS—SITUS OF CAPITAL STOCK AND SURPLUS.— The situs of the capital stock and surplus of a domestic corporation for the purpose of taxation is in the county where the corporation has its principal place of business.   (Page 555.)

2. CORPORATIONS—DOMICILE AND PRINCIPAL PLACE OF BUSINESS.—The terms "domicile" and "principal place of business" as used in the statutes and decisions are synonymous.   (Page 556.)

3. CORPORATIONS—REMOVAL OF DOMICILE.—The removal of the domicile of a domestic corporation under section 870 of Kirby's Digest must be an actual removal, and a removal simply by a resolution of its stockholders, the certificate of its officers and the filing and recording of its papers as specified in the statutes, is in fact no removal at all.   (Page 556.)

4. SAME—SAME—EVIDENCE.—The formalities required by section 870 of Kirby's Digest must be fulfilled as essentials to the removal of the domicile of a domestic corporation, but the records and publications therein specified are only *prima facie*, and not conclusive, evidence that the corporation has removed its domicile. (Page 557.)

5. CORPORATIONS—DOMICILE FOR PURPOSES OF TAXATION.—The capital stock and surplus of a domestic corporation are to be taxed in the county where it has its actual domicile or principal place of business, even though the corporation has attempted to remove its domicile to another county.   (Page 558.)

6. APPEAL—ADEQUATE REMEDY AT LAW.—When a party appeals to the circuit court from a judgment of the county court, on a petition to relieve it from an illegal assessment, the circuit court has power to make orders protecting appellant's rights, pending the litigation, and the appellants' remedy being adequate and complete at law, the chancery court has no jurisdiction to restrain any action under the assessment.   (Page 559.)

Appeal from Dallas Chancery Court; *James M. Barker,* Chancellor; affirmed.

### STATEMENT BY THE COURT.

The appellant sued the appellee in the Dallas Chancery Court to restrain him from collecting taxes assessed against the capital stock and surplus of appellant for the year 1911.

The appellant is a domestic corporation, organized on the 16th day of January, 1905.   The certificate of in-

corporation named Fordyce, Arkansas, as the domicile of appellant. Appellant is doing a fire insurance business in Arkansas and elsewhere. A. B. Banks & Co., prior to the 27th day of May, 1911, were the general agents of appellant, located at Fordyce, Dallas County, Arkansas, and transacted all of its business through its local agents there. On the 25th of May, 1911, the stockholders of appellant passed a resolution declaring that the place of business and domicile of appellant be removed from Fordyce, Dallas County, Arkansas, to Rison, Cleveland County, Arkansas; and it was agreed that the president and secretary of appellant had complied with the requirements of section 870 of Kirby's Digest, concerning the things to be done where there had been a removal of the place of business of a corporation from one county to another.

The appellant assessed its personal property in Cleveland County for taxation for the year 1911, valuing the same at the sum of $82,500. The assessor of Dallas County assessed the personal property of appellant, consisting of its capital stock and surplus for the year 1911 in Dallas County, at the sum of $188,000, and a warrant for the collection of the taxes on this property was placed in the hands of the collector of Dallas County.

All the business of the appellant in relation to its business of issuing insurance policies and settling for losses was transacted at Fordyce, in Dallas County, through appellant's general agents, A. B. Banks & Co. Nothing in fact pertaining or belonging to appellant had been removed from Fordyce, Dallas County, Arkansas, to Rison, Cleveland County, Arkansas, and there was no removal of the domicile or principal place of business of the appellant from the former to the latter place, unless the resolution of its stockholders to that effect and the certificate of its officers and the filing and recording of the documents specified in section 870 of Kirby's Digest, *supra,* and the compliance with that section constituted the removal of its domicile and place of business in the sense of the law for the purposes of taxation.

The appellant filed a petition in the Dallas County Court asking relief from taxation in Dallas County, setting up that it had complied with the law in respect to assessing its property in Cleveland County, Arkansas, where its domicile and principal place of business was located; that it was not subject to taxation in Dallas County upon its capital stock and surplus, and asking that the assessment be stricken from the assessor's books of Dallas County, and that it be relieved from the payment of taxes on its capital stock and other personal property in Dallas County. The county court denied appellant's petition, and it appealed to the circuit court. While the appeal was pending in the circuit court appellant filed this suit to enjoin the collector from collecting the taxes assessed against it on its capital stock, surplus and personal property in Dallas County.

The above are the facts upon which the chancery court found that the appellant "had not in fact removed its place of business from Fordyce, Dallas County, Arkansas, to Rison, Cleveland County, Arkansas, at the time of the assessment complained of in this cause, and that its personal property assessed for the year 1911 by the assessor of said county of Dallas, to the amount of $188,000, was properly assessable in said county of Dallas."

The court dismissed appellant's complaint for want of equity, and it duly prosecutes this appeal.

*T. D. Wynne*, for appellant.

The domicile and principal place of business was removed by law (section 870, Kirby's Digest), and was therefore the place of its principal office.

The articles of association are conclusive as to the domicile or principal office of a corporation for the purposes of taxation. Desty on Taxation of Corporations, Vol. 1, p. 341. Proper place of taxation of a corporation in respect to its personality is the place of its principal office. Cooley on Taxation, Vol. 1, p. 673; Welty on Assessments, p. 106; 19 N. Y. Ct. of Appeals, p. 408; N. Y. Ct. of Appeals, 449; 37 Ohio, 450; 94 Tenn. 295; 127 S. W.

480; 123 S. W. 359; 78 Ark. 187; S. W. Rep., Vol. 126, p. 727.

Business was conducted through a general agency, which was located in a different county, who appointed their own agents, etc.

*Morton & Morton,* for appellee.

Chancellor's finding is conclusive and will not be reversed unless against a clear preponderance of the evidence. 68 Ark. 318; 71 Ark. 605; 72 Ark. 57.

Our statute contemplates that every business corporation shall have a definite purpose, a *situs* or principal place of business as its domicile, and a name, and these are real requirements.

Statement in articles of association is not conclusive as to domicile. 3 Enc. Ev. 268, and authorities cited; 17 Cyc. 752-3.

Our law does not require the naming of the principal place of business of a corporation in its articles of association, and the provision as to the place of the filing of its articles of association is not a part of the organic law, and could not have the force contended for it in 83 Wis. 590; 53 N. W. 839; 51 N. W. 978; 19 N. Y. 408; 21 N. Y. 440; 82 N. Y. 351, and 37 Ohio St. 450, to establish there its *situs* for taxation. This doctrine is repudiated in 91 Mich. 382; 69 Atl. 577; 25 N. Y. Sup. 916.

Our Constitution requires a uniform rule of taxation which would be violated if appellant's contention were true. See 111 Am. St. Rep. 395. The removal statute (§ 870, Kirby's Digest), does not even require any amended articles to be filed.

WOOD, J., (after stating the facts). The *situs* of the capital stock and surplus of a domestic corporation for the purpose of taxation is in the county where the corporation has its principal place of business. See *Harris Lumber Co.* v. *Grandstaff,* 78 Ark. 187; *McDaniel* v. *Texarkana C. & M. Co.,* 94 Ark. 235, pp. 238-9. While these cases refer to other corporations than insurance corporations, the same rule applies, in ascertaining their

domicile or principal place of business for the purpose of taxing their personal property.

The terms "domicile" and "principal place of business," as used in the statutes and decisions, are synonymous. See Kirby's Digest, § 845, and cases, *supra.*

Our statute on the incorporation of business corporations as contained in chapter 31 of Kirby's Digest, sections 837 to 870, inclusive, contemplates that every business corporation shall have a definite purpose; that it shall have a *situs* or principal place of business as its domicile, and that it shall have a name by which it may be distinguished from other corporations. But a corporation, under the law, may change its business, or its name, or its domicile. Kirby's Digest, § § 854 and 870. All the things specified in the statute to be done as necessary for incorporation, or for the change in business, name or domicile are real requirements. Therefore, when a corporation is incorporated under a certain name, for a certain purpose, and having its domicile at a certain place these are real, and not ostensible requirements.

When appellant was incorporated, Fordyce, Dallas County, Arkansas, was named in its certificate or charter of incorporation as its principal domicile. This domicile, as shown by the agreed statement of facts, was not only one in name but also in reality, for all of its business was transacted from that place, and continued to be even down to the time of the judgment from which this appeal comes, for in the agreed statement of facts it is shown that "nothing pertaining or belonging to the plaintiff had been removed from Fordyce to Rison, unless the resolution of its stockholders and the certificate of its president and secretary and the filing and recording of its other papers as named amounted in law to the removal of its domicile and principal place of business."

Now, the removal of the domicile or principal place of business of a corporation under section 870 of Kirby's Digest can not be effected simply by a resolution of its stockholders and the certificate of its officers and the filing and recording of its papers as specified in the stat-

ute. While these are necessary, the statute also contemplates that there should be an actual removal of the place of business from the county where the corporation had formerly had its domicile to the place where it desired to make for itself a new domicile. In other words, the statute does not contemplate merely a removal on paper; there must be an actual removal and the requirements of section 870 must be fulfilled as essentials to such removal, but the records and publications therein specified are only *prima facie,* and not conclusive, evidence that the corporation has removed its domicile or place of business.

Our statute, section 845, provides that the certificate or charter of incorporation issued by the Secretary of State "shall be admissible in all courts of the State as *prima facie* evidence of due incorporation." This certificate, among other things, must contain the domicile of the corporation. See Kirby's Dig., § 845. And we are of the opinion that section 870, in regard to removal, also necessarily requires that the name of the new domicile be stated.

We are aware that there are authorities to the effect that where the act under which the corporation is organized requires the principal place of business to be designated in the certificate or articles of association such designation is conclusive of the domicile of the corporation for the purposes of taxation. See *Western Transp. Co.* v. *Scheu,* 19 N. Y. App. 408; *Oswego Starch Factory* v. *Dolloway et al.,* 21 N. Y. App. 449; *Union Steamship Co.* v. *City of Buffalo,* 82 N. Y. 351; *Pelton* v. *Transp. Co.,* 37 Oh. St. 450; Desty on Taxation of Corporations, Vol. 1, p. 341. But we are of the opinion that the designation of the principal place of business or domicile in the charter, under our statute, in the absence of a provision making such designation conclusive evidence of its domicile for purposes of taxation, should not be held to be conclusive, but only *prima facie* evidence of such principal place of business; that so far as the corporation itself is concerned, having made the statement, it should be bound by it as to its *situs* as against any who may have acted

upon such statement in good faith, but that it should not be binding upon the State or any others who were not parties to it.

We may say of our statute in regard to the place of business what the Supreme Court of New Hampshire said in *Woodsum Steamboat Co.* v. *Town of Sunapee*, 69 Atl. 577: "If nothing was done except to hold stock-holders' meetings and make records of their proceedings, the corporation would not carry on the business for which it was formed. * * * It requires the incorporators to disclose the actual *situs* of their proposed business. This duty is not performed by stating an imaginary *situs*. The location of the business is not changed by such an act. It is very likely true that the corporation would not thereafter be heard to deny that its *situs* was as it had stated, especially if others had acted upon the statement in good faith. (*Galveston R. R. Co.* v. *Cowdrey*, 11 Wal. (U. S.), 459, 20 L. Ed. 199), but this would be far from saying that its representation was binding upon those who were in no way parties to it."

In *Detroit Transp. Co.* v. *Board of Assessors*, 91 Mich. 382, the court said: "The term 'for business,' used in the statute, can not be limited to so narrow a construction as to say that it means simply the annual meeting of the stockholders or a meeting of directors. It must be held that the Legislature used the term in its ordinary significance, and intended it to refer to the business in which the corporation was engaged."

If appellant's contention be correct a corporation would "have the power to fix conclusively the place of its principal office or place of business falsely to evade taxation in the place where its principal office or place of business actually and really is, when no other taxpayer has such right or power," and in so doing to violate the uniform rule of taxation required by the Constitution. Const. of Ark., art. 16, sec. 5; *Milwaukee Steamship Co.* v. *City of Milwaukee*, 83 Wis. 590, 53 N. W. 839. See also *Teagan Transp. Co.* v. *Board of Assessors*, 139 Mich. 1, 111 Am. St. Rep. 391.

In *Georgia Fire Ins. Co.* v. *Cedartown,* 134 Ga. 87, it is held that the principal office of a domestic corporation as governing the *situs* of its personal property for purposes of taxation is at the place where the business of the corporation is transacted, though meetings of stockholders and directors are held at another place which a by-law declares to be the principal office. That principle is applicable here. 19 Am. & Eng. Ann. Cases, p. 954, 134 Ga. 87; 1 Cooley on Taxation, 673.

We are of the opinion that sound reason and the weight of authority support the view we have expressed, and therefore the court did not err in finding "that the plaintiff had not in fact removed its place of business from Fordyce, Dallas County, Arkansas, to Rison, Cleveland County, Arkansas, at the time of the assessment complained of in this cause." The judgment of the court dismissing appellant's complaint for want of equity was therefore correct.

The judgment of the court was correct for the further reason that the agreed statement of facts shows that appellant, before applying to the chancery court for a restraining order against the appellee, had appealed to the circuit court of Dallas County to relieve it from the alleged illegal assessment, and the case was still pending in that court. That court had power to make any orders that might be necessary to protect the rights of the appellant pending the litigation. The appellant's remedy was therefore adequate and complete at law, and the law court had assumed jurisdiction before the proceedings here were instituted. The judgment is, therefore, correct, and it is affirmed.