EAST TEXAS MOTOR FREIGHT LINES, INC., *v.*
WOOD, JUDGE.

4-9433                                    235 S. W. 2d 882

Opinion delivered January 22, 1951.

212

*John H. Lookadoo* and *Agnes F. Ashby,* for appellant.

*Harper, Harper & Young,* for appellee.

PAUL WARD, J. The petitioner here seeks a writ of prohibition to restrain the Circuit Court of Sebastian County from proceeding further in a case now pending in said county. In the said pending suit the Arkansas Motor Freight Lines, Inc., seeks recovery for damages to personal property caused by a collision between one of its trucks and a truck belonging to the East Texas Motor Freight Lines, Inc., in Hot Spring County, Arkansas. When the defendant, the petitioner here, was served with summons it appeared only for the purpose of filing a motion to quash the service of summons. The judge of the Sebastian County Circuit Court, who is the respondent here, overruled the motion to quash and thereupon the East Texas Motor Freight Lines, Inc., petitions this court for a writ of prohibition.

The facts essential to a determination of the issue involved are stipulated and agreed as set out below.

The Arkansas Motor Freight Lines, Inc., is an Arkansas corporation with its articles of incorporation filed in the Fort Smith District of Sebastian County, Arkansas, where its principal office and place of business are located. The petitioner is a Texas corporation, but has a permit to haul freight in parts of Arkansas including Highway No. 67 which runs through Hot Spring County where the collision occurred, but has no permit

to operate in Sebastian County. It is further stipulated that the Arkansas Motor Freight Lines, Inc., relies on Act 182 of 1947 for venue in Sebastian County.

Thus, the issue presented by petitioner for this writ is clearly defined and involves only a correct interpretation of the act mentioned above. Said Act 182 amended Act 317 of 1941, and the effective section of Act 182 reads as follows:

"Section 1. Section One of Act 317 of the Acts of the General Assembly of Arkansas of 1941, be and the same is hereby amended to read as follows: 'Any action for damages to personal property by wrongful or negligent act may be brought either in the County where the accident occurred which caused the damage or in the county of the residence of the person who was the owner of the property at the time the cause of action arose.' "

It is the contention of the petitioner that this Act does not apply to corporations but only to individuals and calls special attention to the use of the word "residence". It is urged that the word "residence" was meant to apply only to individuals and that if it had been the intention of the Act to apply to corporations it would have contained the words "residence or domicile". It is further contended, and correctly so, that it is proper to consider the intent of the Legislature as it is gathered from the language of the act itself and from the language of the emergency clause. The emergency clause reads as follows:

"It is found and declared that in many instances litigants to actions for personal injury and property damage have a cause of action growing out of the same accident and that the jurisdiction for property damage is in one County and for personal injury in another County, and that as a result thereof an inconvenience and expense arises to the litigants and multiplicity of suits results therefrom, and because of these conditions and this Act being necessary for the immediate preservation of the public peace . . . ."

It is stated that if Act 182 is construed to apply to corporations it would be possible for a corporation to file its articles in the smallest county in the state and bring all of its actions for property damage in said county and that in such event the small county would be faced with financial embarrassment and that therefore it is reasonable to assume that the Legislature had no such intention. In addition to the above other related reasons and arguments are ably advanced by petitioner which, when carefully weighed, present a question not without some difficulties.

It is apparent that Act 182 does not accomplish fully the purposes set forth in the emergency clause and that it may make possible the financial difficulty suggested above. Notwithstanding this however, it is our opinion that Act 182 of 1947 applies to corporations as well as to individuals. There are two words in the Act which might in common usage be associated with an individual or natural person, rather than with a corporation, to-wit: the words "residence" and "person". There is no difficulty in concluding that the word "person" used in the Act could have been meant to apply to a corporation as well as to a natural person. Ark. Stats. § 27-109 reads in part, "The word 'person' includes a corporation as well as a natural person" and this section was applied in the case of *Harger* v. *Okla. Gas & Electric Co.*, 195 Ark. 107, 111 S. W. 2d 485. Many other cases could be cited to the same effect. The application of the word "residence" to include a corporation is sustained in legal parlance though perhaps not with as much weight and clarity as in the case of the word "person". We find in 13 Am. Jur. p. 1073 that a corporation is repeatedly mentioned as having a "residence". To the same effect see 19 C. J. S. p. 976, § 1296. Our own court in the case of *Central Manufacturers' Mutual Ins. Co.* v. *Friedman*, 213 Ark. 9, 209 S. W. 2d 102, 1 A. L. R. 2d 557, recognized that the word "domicile" includes "residence."

Having arrived at the permissible legal interpretation of the words "person" and "residence", it is not

difficult to conclude from a careful reading of Act 182 of 1947, that it applies to corporations as well as to individuals, and we so hold.

The writ is denied.

GEORGE ROSE SMITH, J., dissenting. I agree that a close question is presented, but I think it should be decided the other way. The word person often refers to a corporation, but not invariably. No one would suppose that a statute referring to persons of unsound mind was meant to apply to corporations. In Act 182 the legislature declared its purpose to relieve litigants of having to sue in more than one county for personal injuries and property damages arising out of the same accident. A corporation can no more sustain personal injuries than it can be of unsound mind. Hence the legislature apparently intended to refer only to natural persons in this particular statute. I, therefore, think the writ should issue.