WOODRUFF ELECTRIC COOPERATIVE CORPORATION
*v.* WEIS BUTANE GAS COMPANY.

5-3                                                    255 S. W. 2d 420

Opinion delivered March 2, 1953.

*John D. Eldridge, Jr.,* and *Norton & Norton,* for appellant.

*Mann & McCulloch, Daggett & Daggett* and *Wright, Harrison, Lindsey & Upton,* for appellee.

WARD, Justice.   This appeal involves a question of venue, and that in turn calls for a determination of what constitutes the principal place of business of a corporation.

On February 27, 1951 a truck belonging to Weis Butane Gas Company and driven by its employee, Woodrow James (the two appellees), collided in Lee County with a truck belonging to Woodruff Electric Cooperative

Corporation (appellant) and driven by its employee. As a result of the collision and the damages claimed by both sides, two suits were filed. Appellees sued appellant in Lee County, and appellant sued appellees in Woodruff County.

It is recognized by both parties that, under § 27-611, Ark. Stats., the venue for these suits could be in the county where the collision occurred or in the county where either party, in this instance, had residence, since under the decision in *East Texas Motor Freight Lines, Inc.* v. *Wood,* 218 Ark. 211, 235 S. W. 2d 882, the venue statute before mentioned applies to corporations. It is likewise recognized by both parties that, under the rule announced in *Healey & Roth* v. *Huie, Judge,* 220 Ark. 16, 245 S. W. 2d 813, venue would attach in the case where service of summons was first had. In this case service was first had in Woodruff County, and appellant claims that county as its principal place of business and, therefore, its residence.

Appellees, defendants in the Woodruff County suit, filed a motion, sustained by the trial court, to dismiss on the ground that appellant's "principal office and principal place of business" was not in Woodruff County. Appellant prosecutes this appeal from the order of dismissal.

The exact question here presented for our determination is this: Where a corporation has designated a principal office or place of business in its articles of incorporation and has in fact established and still maintains an office at such designated place, can it change its *situs* (for the purpose of venue under § 27-611, Ark. Stats.) to another county by establishing and maintaining in the latter county another office and place of business without amending, for that purpose, its articles of incorporation? In our opinion it cannot do so. The facts in this case are not involved and are not disputed.

Appellant was organized in the year 1939 under Act 342 of 1937 to operate only in Woodruff County. Pursuant to § 6 (5) Augusta, Woodruff County, was desig-

nated as its "principal office." An office was in fact established at Augusta and is still maintained with two or three employees, where current bills are paid, equipment is stored, and a radio transmitter is maintained. Letterheads of the company's stationery show "Augusta, Arkansas" and the company maintains a bank account in that city.

Some years after its incorporation appellant was authorized to do business in several other counties in addition to Woodruff County, and about 1944 or 1945 it established, and has ever since maintained, an office or place of business at Forrest City in St. Francis County where it was also authorized to do business. There is no question about the office in Forrest City being more elaborate than the office in Augusta, or about more of the company's business being transacted there. The Forrest City office has approximately 30 employees, and all the company books are kept there.

Section 26 of said organization Act 342 provides for the articles of incorporation to be amended as to provisions "included in original articles." Under this section the stockholders, in 1945, made an effort to amend the articles of incorporation so as to move the company's principal office to Forrest City, but the effort failed when put to a vote.

Although the exact question before us has never been passed on by this court, we think the answer is obvious from the holding and reasoning in the case of *Home Fire Insurance Co.* v. *Benton,* 106 Ark. 552, 153 S. W. 830. While this case involved the determination of the *situs* of a corporation for taxation purposes, we see no logical reason why the principles announced there should not apply to the issue here under consideration.

The essential facts in the *Home Fire* case were: The company had designated (in articles of incorporation) and actually established its office or place of business at Fordyce, Dallas County, in 1905. In 1911 the stockholders passed a resolution declaring that the place of business and domicile be moved from Fordyce to Rison in

Cleveland County, and all requirements of § 870 of Kirby's Digest relative to filings in Cleveland County and the Secretary of State's Office were complied with. However, the company actually retained its office in Fordyce and did not move any physical equipment or office functions to Rison. When the question later arose as to which town was the company's *situs,* this court held that two things were necessary before the company could change its *situs* from Fordyce to Rison: (a) It must make the change on paper, *i. e.,* as provided by said § 870, and (b) It must actually establish an office at Rison. Since it failed in (b), no change was effected.

Applying the same rule and reasoning announced above it follows here that appellant's *situs* or place of business is still in Augusta because requirement (a) was not complied with. Long before this suit arose appellant recognized the necessity of complying with § 26 of Act 342 before it could make a change because, as stated before, it made an attempt to comply but failed.

We believe the determination here arrived at is commendable from a practicable standpoint. By requiring a corporation to change its articles of incorporation (and file the change with the Secretary of State and in the pertinent county) before changing its *situs* it enables anyone interested to determine such a change by a reference to the records and it also prevents the possibility of the corporation from covertly and suddenly changing its *situs* to suit its immediate purpose. It is not at all difficult to envision some corporation with places of business in several counties so nearly equal in physical equipment and/or office functions that a close question could arise as to which constituted the principal office. In such instances the determining factor should be intent. The legislature has provided a method by which that intent can be and, we think, must be expressed, that is, by amending its articles and making the necessary filings.

Appellees have very ably presented certain contentions, which we will presently examine, calling for a conclusion different from the one we have reached.

It is stated that the *Home Fire* case, *supra,* holds that the "paper designation" of a principal place of business is *prima facie* evidence only, and that here the evidence (of a change) overcomes the *prima facie* showing. We agree that the cited case contains the expression attributed to it and also agree that there is sufficient evidence to sustain the trial court on the fact question. However, the statement in the *Home Fire* case must be interpreted in the light of the facts and holding there as against the facts here. There it was correct to say the "paper change" made a *prima facie* case, and that it was overcome by the facts. Here there is no "paper change" indicating a removal to Forrest City and therefore no *prima facie* showing of such change. The *prima facie* showing here is the original articles which designate Augusta and there is actual evidence to sustain it, *i. e.,* there is an office at Augusta.

Another contention by appellees is to this effect: That we have said (in *East Texas Motor Freight Lines, Inc.,* v. *Wood, supra*) that a corporation is like unto a person or individual; that we have held, as in *Missouri Pacific Ry. Co.* v. *Lawrence,* 215 Ark. 718, 223 S. W. 2d 823, 12 A. L. R. 2d 748, a person can have a "domicile" in one place and a "residence" in another, depending on the facts; and that here, even though the record domicile of appellant might be in Augusta, the evidence shows its residence to be in Forrest City.

The above contention is, we think, untenable in this instance. In the first place there is no compelling or logical reason for carrying the similarity of a "person" to a "corporation" to such limits. In the second place there appears no good reason why a corporation should have a domicile at one place and a residence at another, particularly when limited to the scope of the issue here considered. In the *Home Fire* case, *supra,* it was said: "The terms 'domicile' and 'principal place of business,' as used in the statutes and decisions, are synonymous," and we would, in this connection, add the word "residence." In *Fletcher Cyclopedia Corporations, Permanent Ed.,* Vol. 9, § 4372, it is stated that it is generally

held that the residence of a corporation for the purpose of venue is its principal place of business or principal office.

It follows from the views above expressed that the trial court should have overruled appellees' motion to dismiss, and this cause is accordingly reversed and remanded.

The Chief Justice not participating.