## MISSOURI PACIFIC RAILROAD COMPANY *v.* W. S. FOX & SONS, INC.

5-5711                                    472 S.W. 2d 726

Opinion delivered October 25, 1971
[Rehearing denied December 6, 1971.]

*William J. Smith* and *George Pike Jr.,* for appellant.

248

*Coleman, Gantt, Ramsay & Cox,* for appellee.

J. FRED JONES, Justice. The Missouri Pacific Railroad Company filed suit against W. S. Fox & Sons, Inc. in the Pulaski County Circuit Court alleging that Missouri Pacific is a corporation organized and existing under the laws of Missouri; that it is authorized to do business in the State of Arkansas and is doing business in Pulaski County, Arkansas; that on November 24, 1970, some of its railroad cars were destroyed by fire as a result of the negligence of W. S. Fox & Sons, Inc., in Sheridan [Grant County], Arkansas. The complaint also alleged a contractual "hold harmless agreement" between Missouri Pacific and Fox & Sons, and alleged damage in the amount of $13,000 for which judgment was prayed. Fox & Sons appeared specially and filed a motion to quash service of process upon it in Grant County for the reason that the venue of the action was improperly laid in Pulaski County. The motion to quash was granted by the trial court and the complaint was dismissed without prejudice.

On appeal to this court Missouri Pacific presents the question of law for our determination clearly stated in the point it relies on, as follows:

"A foreign corporation has its residence under Ark. Stats. § 27-611 in the county in which its principal office and place of business in Arkansas is located, just as does a domestic corporation."

Ark. Stat. Ann. § 27-611 (Repl. 1962) provides as follows:

"Any action for damages to personal property by wrongful or negligent act may be brought either in the county where the accident occurred which caused the damage or in the county of the residence of the person who was the owner of the property at the time the cause of action arose."

The question then, is whether Missouri Pacific can maintain its suit in Pulaski County where its main

Arkansas office and principal place of business is located, or must it file its suit in Grant County where the "accident occurred that caused the damage." Missouri Pacific seems to recognize that in order to maintain its suit in Pulaski County it must not only be a "person" within the meaning of the statute, but that it must also have its "residence" in Pulaski County within the meaning of the statute.

It is true, as argued by Missouri Pacific, that in *East Texas Motor Freight Lines, Inc.* v. *Wood, Judge,* 218 Ark. 211, 235 S. W. 2d 882, we did hold that within the meaning of the statute "the word 'person' includes a corporation as well as a natural person." We also recognized in *Texas Motor Freight* that a corporation may have a "residence" within the meaning of the statute. In the *Texas Motor Freight* case, Arkansas Motor Freight Lines, Inc., a domestic corporation, filed suit in Sebastian County, Arkansas, against East Texas Motor Freight Lines, Inc., a Texas corporation, alleging damages to personal property belonging to Arkansas Motor Freight when one of its trucks was involved in a collision with an East Texas truck in Hot Spring County, Arkansas. The matter reached this court through a petition for prohibition to Sebastian County Circuit Court, Wood, Judge.

As to the "residence" requirement under the statute, the *effect* of our decision in the *East Texas* case was to recognize the domestic corporation as a resident of Sebastian County in Arkansas. The distinguishing features in that case, however, are set out in the first sentence of the stated facts in the opinion as follows:

> "The Arkansas Motor Freight Lines, Inc., *is an Arkansas corporation with its articles of incorporation filed in the Fort Smith District of Sebastian County, Arkansas,* where its principal office and place of business are located." (Emphasis supplied).

The full significance of the above language becomes apparent when we examine the constitutional authority and

the statutes thereunder for the forming of business corporations in Arkansas. Article 12, § 6, of the Arkansas Constitution provides for the formation of corporations and is as follows:

"Corporations may be formed under general laws, which laws may, from time to time, be altered or repealed. The General Assembly shall have the power to alter, revoke or annul any charter of incorporation now existing and revocable at the adoption of this Constitution, or any that may hereafter be created, whenever, in their opinion, it may be injurious to the citizens of this State, in such manner, however, that no injustice shall be done to the corporators."

Ark. Stat. Ann. §§ 64-501—64-502 (Repl. 1966) provide as follows:

"One or more natural persons of the age of twenty-one [21] years or more, may act as incorporator (s) of a corporation by executing and filing in accordance with Section 15 [§ 64-117] of this act, articles of incorporation for such corporation.

The articles of incorporation, which shall be duly signed by all of the incorporators, shall set forth:

\*    \*    \*

J. The address (including street and number, if any) of its initial registered office, and the name of its initial registered agent at such address. \* \* \*"

The formation of domestic business corporations is not only *authorized* under the Business Corporation Act of 1965 (§§ 64-101—64-1002), but their corporate structure is closely controlled and regulated. Subsequent sections of the Act, §§ 64-907 and 64-908 even provide for the involuntary dissolution and liquidation of the assets and business of domestic corporations. We conclude, therefore, that a domestic corporation does not acquire its residence in a particular county of this state by sim-

ply maintaining an office and its principal place of business there; it acquires a county of residence by setting forth *in its articles of incorporation* "the address (including street and number, if any) of its initial registered office, and the name of its initial registered agent at such address," § 64-502 J, supra.

The State of Arkansas has no such authority and control over foreign corporations as it does over domestic corporations. It only has authority to permit foreign corporations to do business in Arkansas and to regulate the manner in which their business is conducted. In other words, foreign corporations may only become *guests* of this state under Art. 12, § 11, of the constitution, which provides as follows:

> "Foreign corporations may be authorized to do business in this State under such limitations and restrictions as may be prescribed by law. Provided, that no such corporation shall do any business in this State except while it maintains therein one or more known places of business and an authorized agent or agents in the same upon whom process may be served; and, as to contracts made or business done in this State, they shall be subject to the same regulations, limitations and liabilities as like corporations of this State, and shall exercise no other or greater powers, privileges or franchises than may be exercised by like corporations of this State, nor shall they have power to condemn or appropriate private property."

Foreign corporations are permitted to do business in this state by complying with the provisions of Ark. State. Ann. § 64-1201 (Repl. 1966) which is as follows:

> "Every company or corporation incorporated under the laws of any other State, territory, or country, including foreign railroad and foreign fire and life insurance companies, now or hereafter doing business in this State, shall file in the office of the Secretary of State of this State a copy of its charter or articles of incorporation or association, or a copy

of its certificate of incorporation, duly authenticated and certified by the proper authority, together with a statement of its assets and liabilities and the amount of its capital employed in this State, and shall also designate its general office or place of business in this State, and shall name an agent upon whom process may be served. Provided, before authority is granted to any foreign corporation to do business in this State, it must file with the Secretary of State a resolution adopted by its Board of Directors, consenting that service of process upon any agent of such company in this State, or upon the Secretary of State of this State, in any action brought or pending in this State, shall be a valid service upon said Company; and if process is served upon the Secretary of State it shall be his duty to at once send it by mail, addressed to the Company at its principal office."

So the question before us boils down to whether there is any difference in the "residence" of a foreign corporation as distinguished from a domestic corporation within the meaning of § 27-611, and we are of the opinion that there is. Missouri Pacific, in the case at bar, argues that a foreign corporation has its residence, under § 27-611, in the county in which its principal office and place of business in Arkansas is located, "just as a domestic corporation." We have never held that a domestic corporation has its residence in the county where its principal office and place of business is located. As a matter of fact we have held to the contrary.

In *Woodruff Electric Coop. Corp.* v. *Weis Butane Gas Co.*, 221 Ark. 686, 255 S. W. 2d 420, the litigation between two domestic corporations grew out of a collision in Lee County between a truck belonging to Woodruff Electric and one belonging to Weis Butane Co. Both corporations sued the other in what they considered the county of their residence, but Woodruff Electric first obtained service on the suit it had filed in Woodruff County. Woodruff Electric was originally organized to operate only in Woodruff County and in its articles of incorporation, Augusta, in Woodruff County, was desig-

nated its principal office. An office was in fact established at Augusta and was still being maintained there with two or three employees when the suit was filed. Some years after its incorporation Woodruff Electric was authorized to do business in several other counties of the state and it built and maintained a rather large office in Forrest City in St. Francis County where it was also authorized to do business and where it had approximately 30 employees, at the time it filed its suit in Woodruff County. Weis Butane contended that the Forrest City office was Woodruff Electric's main office and place of business and, therefore, was its residence for the purpose of the venue statute. So, Weis Butane, the defendant in the Woodruff County suit, filed a motion to dismiss the Woodruff County suit on the ground that Woodruff Electric's principal place of business was not in Woodruff County. The motion was granted by the trial court and on appeal to this court, in reversing the judgment of the trial court the question was stated and answered in the opinion as follows:

> "Where a corporation has designated a principal office or place of business *in its articles of incorporation* and has in fact established and still maintains an office at such designated place, can it change its *situs* (for the purpose of venue under § 27-611, Ark. Stats.) to another county by establishing and maintaining in the latter county another office and place of business *without amending, for that purpose, its articles of incorporation?* In our opinion it cannot do so." (Emphasis supplied).

In rejecting Weis Butane's contention, we pointed out that under our holding in *Home Fire Ins. Co.* v. *Benton,* 106 Ark. 552, 153 S. W. 830, in order for Woodruff Electric to change its residence from Augusta in Woodruff County to Forrest City in St. Francis County, or to any other county wherein it was authorized to do business, it would be necessary for it to amend its charter or articles of incorporation to that effect; and that since Woodruff Electric had designated Augusta, Woodruff County, as its principal place of business, it continued to remain so until its articles of incorporation were amended to designate otherwise.

As already pointed out, a foreign corporation may be admitted to this state for the purpose of doing business, but it does not become a resident by such admission. In the early case of *Pekin Cooperage Co.* v. *Duty,* 140 Ark. 135, 215 S. W. 715, this court stated:

"Every State, however, has complete control over the remedies which it provides its suitors. Foreign corporations have their legal existence and are located within the boundaries of the State under whose laws they are organized. Under our statutes a foreign corporation can not do business here without subjecting itself to the jurisdiction of our courts and our statute has provided a method of procedure in such cases. *Our statute has not,* however, *given a local or county residence to a foreign corporation.* This court has expressly held that the statute allowing foreign corporations to do business in this State and permitting them after complying with the statute to sue and to be sued in the courts of this State *does not confer a local or county residence upon them."* (Emphasis supplied).

Missouri Pacific argues, however, that the decision in the *Pekin Cooperage* case was followed in *Power Mfg. Co.* v. *Saunders,* 169 Ark. 748, 276 S. W. 599, and that our decisions in both cases were overruled by the United States Supreme Court in *Power Co.* v. *Saunders,* 274 U. S. 490. The *Pekin Cooperage* case as well as the *Power Co.* case involved foreign corporations as defendants upon whom service was had under a statute, then in effect, as follows:

"Service of summons and other process upon the agent designated under the provisions of § 1826 at any place in this State shall be sufficient service to give jurisdiction over such corporation to any of the courts of this State, whether the service was had upon said agent within the county in which suit was brought and pending."

In the *Pekin Cooperage* case the foreign corporate defendant had its principal place of business in Pike

County, Arkansas. The plaintiff, *Duty*, was injured at the defendant's mill in Pike County. He filed suit in Independence County and service was had upon the agent of the company at its place of business in Pike County. The defendant company filed a motion to quash service and dismiss the complaint on the ground that the statute above referred to was in violation of Art. 12, § 11, of the constitution of the State of Arkansas, and also contended that the Act was in violation of the 14th Amendment of the constitution of the United States. The trial court held the Act constitutional and the service good. We affirmed the trial court.

In the *Power Co.* case the defendant was an Ohio corporation authorized to do business in Arkansas. It operated a warehouse from which it shipped merchandise at Stuttgart in Arkansas County, Arkansas. The plaintiff was also a resident and citizen of Ohio but while working at the warehouse at Stuttgart he was injured and filed suit in Saline County, Arkansas, under the provision of the above statute. The defendant moved to .quash the service of summons and the complaint for want of jurisdiction for the reason that at the time of the accident the plaintiff was a resident and citizen of Arkansas County where the defendant conducted its business in this state. The defendant also contended that the above section of the digest which permitted the suit to be brought in any county in the state was in violation of the state and federal constitutions, and that the 14th Amendment of the federal constitution prohibited the state from depriving any person within the state of his property without due process of law, or denying to any person within its jurisdiction the equal protection of the law.

The United States Supreme Court on certiorari, after setting out the facts in the *Power Co.* case, stated the question before it (and the only one it decided) as follows:

"The Arkansas statutes require actions of this character, if against a domestic corporation, to be brought in a county where it has a place of business,

or in which its chief officer resides, and, if against a natural person, in a county where he resides or may be found; but they broadly permit such actions, if against a foreign corporation, to be brought in any county in the State."

The opinion of the Supreme Court in the *Power Co.* case concluded as follows:

"We accordingly reach the conclusion that the defendant's objection before stated to the validity of the venue provisions was well taken and should have been sustained under the equal protection clause of the Fourteenth Amendment."

We conclude, therefore, that in holding the venue statute in question unconstitutional in the *Power Co.* case, the Supreme Court of the United States did not touch the question of when a corporation is or is not a resident of a state. In the very recent case of *S. W. Bell Tel. Co. & Wheeler* v. *Roberts,* 246 Ark. 864, 440 S.W. 2d 208, we again stated: "A foreign corporation is not recognized, however, as having a local or county residence." Citing *Pekin Cooperate Co.* v. *Duty, supra.*

Missouri Pacific argues that if it is unable to maintain its suit in Pulaski County where it has its principal office and place of business in this state, it is being unlawfully discriminated against in favor of domestic corporations. We do not agree with this contention. If foreign corporations were accorded residence in Arkansas where their principal office and place of business is located in this state for the purpose of venue under § 27-611, such accord would come nearer constituting a discrimination against domestic corporations than its denial would against foreign corporations. A foreign corporation may claim diversity in federal cases over which the state had no control and a domestic corporation has no such right. A corporation, the same as an individual person, cannot have a residence within the state for the purpose of bringing suit at the place of residence and at the same time be a resident of another state for the

purpose of diversity when being sued, or when a claim of diverse citizenship appears advantageous.

The judgment is affirmed.