MISSOURI PACIFIC RAILROAD COMPANY *v.* CHARLES W. LIGHT, JUDGE OF CRAIGHEAD COUNTY CIRCUIT COURT

5-5726                                         475 S.W. 2d 513

Opinion delivered January 24, 1972

*William J. Smith* and *Joe D. Bell,* for petitioner.

*Frierson, Walker, Snellgrove & Laser,* for respondent.

LYLE BROWN, Justice. Petitioner, Missouri Pacific Railroad Company, seeks a writ of prohibition, contending that jurisdiction does not lie with the Craighead County Circuit Court to try the case of *Gerald E. Lamb and Wheeler Brick Company* v. *Missouri Pacific Railroad Company and St. Louis-San Francisco Railway Company.* Petitioner contends that Pulaski County Circuit Court has jurisdiction because petitioner first filed a suit in that county arising out of the same accident.

There was a collision between petitioner's train and Wheeler's truck driven by Lamb. That incident occurred at one of petitioner's crossings in Lawrence County. Petitioner railroad filed an action in Pulaski County for damages to its equipment. Shortly thereafter, Lamb and Wheeler Brick filed an action in the Craighead Circuit Court. Lamb is a resident of that county and Wheeler Brick is a domestic corporation with its principal office in the same county. Missouri Pacific filed a motion to dismiss the suit in Craighead County, contending that jurisdiction was in the Pulaski Circuit Court. Petitioner contends that under the provisions of the venue statute, Ark. Stat. Ann. § 27-611 (Repl. 1962), it is a resident of Pulaski County and therefore is entitled to maintain the suit in that county. Petitioner is a Missouri corporation authorized and qualified to do business in Arkansas. Its immediate headquarters for Arkansas operations is in Pulaski County, Arkansas. The cited section authorizes an action for damages to personal property by negligence to be brought in the county where the accident occurred or in the county where the owner of the property resided at the time.

The identical question was before us in the recent case of *Missouri Pacific R. Rd. Co.* v. *Fox*, 251 Ark. 247, 472 S. W. 2d 726 (1971). There we held that a foreign corporation does not acquire residence for venue purposes under the cited statute.

Petition denied.